UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GREGORY WESTHOFF,                              :    Case No. 08 Civ. 4336 (WCC)

                      Plaintiff,    :    (Conner, J.)

   -against-                                       :    NOTICE OF MOTION
                                    <u>REMAND</u>

STEFANI MIOTTO and KELLY GREEHAN          :

                     Defendants.    :

------------------------------------------------------------------X

S I R S:

      PLEASE TAKE NOTICE THAT, upon the annexed Memorandum of Law in Support of

Defendant's Motion to Remand to State Court, together with Exhibits, Defendant Kelly Greehan

will move this Court, before the Honorable William C. Conner, at the United States District

Court for the Southern District of New York, located at 300 Quarropas Street, White Plains, New

York 10601, for an Order pursuant to 28 U.S.C. §§1441(b) and 1447(c): (1) remanding this

action to the State of New York Supreme Court, County of Westchester, and (2) for all other and

further relief as the Court deems just and proper.

Dated:  White Plains, New York
        June 6, 2008

                                Yours etc.,

                                DANZIG FISHMAN & DECEA

                        By            /s/               
                              Donald S. Campbell, Esq. (DSC 3691)
                              Attorney for Defendant Kelly Greehan
                              One North Broadway, Suite 1202
                              White Plains, New York 10601
                              Tel.: (914) 285-1400
                              Fax: (914) 285-1401

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GREGORY WESTHOFF,                              :    Case No. 08 Civ. 4336 (WCC)

                       Plaintiff,         :    (Conner, J.)

   -against-                                      :

STEFANI MIOTTO and KELLY GREEHAN,              :

               Defendants.        :

-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO REMAND TO STATE COURT

Danzig, Fishman & Decea
Donald S. Campbell, Esq. (DSC 3691)
Attorney for Defendant
Kelly Greehan
One North Broadway, Suite 1202
White Plains, New York 10601
Tel.: (914) 285-1400
Fax: (914) 285-1401

## TABLE OF AUTHORITIES

### FEDERAL CASES

Day v. Avery,
    548 F.2d 1018 (C.A.D.C. 1976)................................................................. 4

Maiolino v. UnumProvident Corp.,
    WL 941235, 2 (N.D. Cal. April 29, 2004) ...................................... 5

Payne v. Overhead Door Corporation, et al.,
    172 F.Supp. 2d 475 (S.D.N.Y. 2001)............................................... 5

Snakepit Automotive, Inc. v. Superperformance Intern., LLC,
    489 F.Supp. 2d 196, 201 (E.D.N.Y. 2007) ........................................ 5

Zerafa v. Montefiore Hosp. Housing Co., Inc.,
    403 F.Supp. 2d 320, 324 (S.D.N.Y. 2005)...................................... 4, 5

### FEDERAL STATUTES

28 U.S.C. §1441 ................................................................................. 4, 5

28 U.S.C. §1447(c) ............................................................................... 5

## PRELIMINARY STATEMENT

The removal in the instant action is fatally defective because both Defendants Miotto and Greehan are citizens of the State of New York which prevents the action from being removed pursuant to 28 U.S.C. §1441(b).  Furthermore, the removal here is defective by reason the "Rule of Unanimity"; to wit, Defendant Miotto never sought nor obtained Defendant Greehan's consent to the removal as required under the Federal Rules of Civil Procedure.  In point of fact, Defendant Greehan has not and does not consent to the removal of Plaintiff's complaint (Exhibit "A") from the Supreme Court, Westchester County, State of New York.

## STATEMENT OF RELEVANT FACTS

The Plaintiff's complaint (Exhibit "A") sets forth various causes of action, all of which appear to have been inadequately or improperly pled, arising out of the Plaintiff's sexual assault of Defendant Ms. Greehan on May 4, 2006.  Mr. Westhoff's complaint and its causes of action are based upon the false premise that the sexual assault upon Ms. Greehan did not occur.

Ms. Miotto's counsel removed Mr. Westhoff's complaint by Notice of Removal (Exhibit "B") dated May 8, 2008.  Ms. Miotto's counsel did not obtain co-defendant's consent prior to filing the Notice of Removal and Ms. Greehan does not consent to the removal.  Furthermore, both Defendants Miotto and Greehan are citizens of the State of New York where Plaintiff Westhoff commenced the instant action, further rendering the removal improper and this action is properly remanded to State Court.

**ARGUMENT**

**THIS COURT SHOULD REMAND THE INSTANT ACTION
TO STATE COURT ON THE BASIS OF THE FATAL
DEFECTS IN THE REMOVAL PROCEDURE.**

### A. Legal Standards Governing Removal and Remand.

A defendant has a right to remove an action filed in state court to federal court "where

the district courts of the United States have original jurisdiction." Zerafa v. Montefiore Hosp.

Housing Co., Inc., 403 F.Supp. 2d 320, 324 (S.D.N.Y. 2005)(citing 28 U.S.C. §1441(a)).

Despite this right of removal, substantial deference is given to the plaintiff's original choice of

forum, Id. at 324, and a defendant's ability to remove an action to federal court is subject, inter

alia, to the "Rule of Unanimity", and the Defendants' respective residences.

Significantly, pursuant to 28 U.S.C. §1441(b), "any other such action [in which the

district courts do not have subject matter jurisdiction] shall be removable only if none of the

parties in interest properly joined and served as defendants is a citizen of the State in which such

action is brought." For example, in Day v. Avery, the Court held that removal was improper

because an action that does not involve a federal question cannot be removed if any defendant is

a resident of the forum state. 548 F.2d 1018, 1021-1022 (C.A.D.C. 1976).

In addition, where there exist two (2) or more defendants in an action sought to be

removed, all defendants must consent to the removal; without such unanimous consent, any

attempt to remove an action from state court to federal court is improper and has been

universally held to constitute a 'fatal defect,' thereby requiring remand back to plaintiff's choice

of forum – here New York State Supreme Court, Westchester County. Zerafa 403 F.Supp. 2d at

327 (The Rule of Unanimity "advances the congressional purpose of giving deference to a

4

plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand.")

See also, Payne v. Overhead Door Corporation, et al., 172 F.Supp.2d 475 (S.D.N.Y. 2001);

Snakepit Automotive, Inc. v. Superperformance Intern., LLC, 489 F.Supp. 2d 196, 201

(E.D.N.Y. 2007)(All defendants must join in seeking removal from state court); Maiolino v.

UnumProvident Corp., WL 941235, 2 (N.D. Cal. April 29, 2004)(The Rule of Unanimity

requires that all defendants consent to the removal otherwise it is defective and should be

remanded).

Notably, remand of an action to state court "on the basis of any defect" in the removal

procedure or for lack of subject matter jurisdiction is proper under 28 U.S.C. §1447(c).  Zerafa,

403 F.Supp. 2d at 327.

### B.  Defendants Miotto and Greehan are Citizens of New York State thus Rendering the Removal Herein Defective.

The instant action was commenced by the filing of a Summons and Complaint (Exhibit

"A") in the Supreme Court of the State of New York, County of Westchester ("State Action") by

the Plaintiff Gregory Westhoff against Defendants Stefani Miotto and Kelly Greehan.  The

defendant Miotto subsequently filed a Notice of Removal (Exhibit "B").

The removal of the instant action was improper pursuant to 28 U.S.C. §1441(b) which

requires that in an action not arising under the Constitution, treaties or laws of the United States,

an action "shall be removable only if none of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought."  Here, Mr. Westhoff's

complaint does not set forth a federal question, while it is uncontested that both defendants Ms.

Miotto and Ms. Greehan are residents of the State of New York.  Accordingly, the removal was

improper as a matter of law.  See copies of Ms. Greehan's Supreme Court, Westchester County,

State of New York verified complaint at paragraph 3, and Ms. Miotto's federal complaint at paragraph 4, collectively attached hereto as Exhibit "C".

### C. The Rule of Unanimity Requires all Defendants to Consent to Removal and Without Such Unanimous Consent Renders Removal Herein Defective.

The instant action was removed without the consent of all defendants and is thereby defective. Ms. Greehan did not previously, and does not now, consent to the removal of the State Action to Federal Court. In fact, Defendant Miotto never sought Ms. Greehan's or her counsel's consent to the removal of the State Action. Inasmuch as the Rule of Unanimity plainly requires the consent of all defendants to such removal, which unanimous consent is not present here, this action is properly remanded to State Court as a result of the defect.

## CONCLUSION

Accordingly, it is respectfully requested that Mr. Westhoff's complaint be remanded to New York State Supreme Court as the removal is defective because of Defendants are residents of the State of New York, the State in which Mr. Westhoff's action was brought, as well as the Rule of Unanimity.

For all the foregoing reasons, this Court should enter an order: (1) remanding the instant action to the Westchester County Supreme Court, State of New York; and, (2) awarding such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
      June 6, 2008

Yours etc.,

DANZIG FISHMAN & DECEA

By: _____/s/_____
     Donald S. Campbell, Esq. (DSC 3691)
     Attorney for Defendant
     Kelly Greehan
     One North Broadway, Suite 1202
     White Plains, New York 10601
     Tel.: (914) 285-1400
     Fax: (914) 285-1401

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

GREGORY WESTHOFF,                               No. 08 Civ. 4336    (WCC)

                    Plaintiff,                  **AFFIDAVIT OF SERVICE**

          -against-

STEFANI MIOTTO and KELLY GREEHAN,

                    Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK          )
                           : SS.:
COUNTY OF WESTCHESTER      )

          DIANA JOHNSON, being duly sworn, deposes and says:

          1.    That I am over eighteen (18) years of age and am not a party to this

action.

          2.    On June 6, 2008 I served a true copy of Notice of Motion and
Memorandum of Law with Exhibits in regard to the above captioned matter by electronic
filing though the ECF system and by depositing true copies thereof into the custody of
FEDERAL EXPRESS for overnight delivery, prior to the latest time designated by that
service for overnight delivery, enclosed in a wrapper properly addressed to: **Parisi &
Patti, LLP, 200 Mamaroneck Avenue, Suite 602, White Plains, New York 10601 and
Norman M. Block, Esq., 245 Saw Mill River Road, First Floor, Hawthorne, New
York 10532.**

                                        _Diana Johnson_
                                        **DIANA JOHNSON**

Sworn to before me this
6th day of June, 2008

_____
          Notary Public

**DONALD S. CAMPBELL**
NOTARY PUBLIC
NO. 02CA6055099
WESTCHESTER COUNTY
COMM. EXPIRES 02/20/20__

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
GREGORY WESTHOFF,

                             Plaintiff,           Index No. 08-07524

             -against-                    **VERIFIED**
                                              **COMPLAINT**

STEFANI MIOTTO and KELLY GREEHAN,

                             Defendants.
-------------------------------------------------------------X

         The Plaintiff, Gregory Westhoff, by his attorneys, Parisi and Patti LLP , alleges as his complaint against the Defendants the following:

## PARTIES

     1.   The Plaintiff, Gregory Westhoff, is an individual residing in the City of Stamford in the State of Connecticut.

     2.   Upon information and belief, the Defendants, Stefani Miotto and Kelly Greehan, at all times relevant herein were and are domiciled in the County of Westchester in the State of New York.

## FACTS PERTAINING TO THE PLAINTIFF

     3.   Plaintiff Westhoff was employed as a teacher at the Saunders Trades and Technical High School (Saunders) in the City of Yonkers, State of New York for the 2005-2006 school year. Plaintiff Westhoff's duties included that he act as band teacher and director.

     4.   At no time were Defendants registered for any class taught by Plaintiff Westhoff at Saunders.

     5.   At no time were Defendants required to be in Plaintiff Westhoff's classroom.

     6.   Upon information and belief, in or about May of 2006, Defendants reported to

1

Saunders Assistant Principal Mr. Solimene, their allegations that Plaintiff Westhoff had behaved in a manner which Defendants claimed was unacceptable to them.

7. In or about June of 2006, Defendants filed statements with the Yonkers Police Department regarding their allegations as to Plaintiff Westhoff.

8. Directly as a result of the allegations reported by Defendants, multiple misdemeanor informations were filed against Plaintiff Westhoff. Ultimately, on or about May 18, 2007, a superseding misdemeanor information was filed against Plaintiff Westhoff by a member of the Yonkers Police Department, alleging one count of endangering the welfare of a child, two counts of stalking in the fourth degree, two counts of sexual abuse in the third degree, and two counts of harassment in the second degree.

9. Directly as a result of the allegations reported by the Defendants, Plaintiff Westhoff was forced to hire an attorney to defend himself from the allegations of Defendants in the criminal action. Said defense included but was not limited to multiple court appearances and a trial by jury.

10. Directly as a result of the allegations of the Defendants, Plaintiff Westhoff was precluded from obtaining references and recommendations or any employment as a teacher, instructor or aide in any capacity.

11. Directly as a result of the allegations reported by Defendants, newspaper articles and television reports of said allegations were presented to the public, causing Plaintiff Westhoff and his family extreme emotional distress, humiliation, and embarrassment.

12. Directly as a result of the allegations reported by the Defendants, Plaintiff

2

Westhoff was forced to undergo stressful and prolonged legal proceedings, culminating in a jury trial in March of 2008.

13. Directly as a result of the allegations reported by the Defendants, Plaintiff Westhoff suffered health problems and physical illness which required medical treatment and medication.

14. The jury in said trial heard testimony from Defendants herein and Plaintiff herein, as well as from another student and teacher from Saunders.

15. On March 6, 2008, the jury in said trial found Plaintiff Westhoff not guilty on all counts.

## FACTS PERTAINING TO THE DEFENDANTS

16. Defendants attended Saunders for the 2005-2006 school year.

17. Defendants were in the senior class at Saunders for the 2005-2006 school year.

18. Defendants at no time were registered for any class taught by Plaintiff Westhoff during the 2005-2006 school year.

19. During the 2005-2006 school year, Defendants would voluntarily enter the music room during their free periods and hang out.

20. Defendants had a friend Steven who was a student in Plaintiff Westhoff's band class at Saunders during the 2005-2006 school year.

21. Defendants would regularly and voluntarily visit Steven in Plaintiff Westhoff's classroom.

22. Defendants would regularly and voluntarily engage in conversations with Plaintiff Westhoff after they voluntarily entered his classroom, or while he was monitoring hallways as required by his supervisor.

3

## AS AND FOR A FIRST CAUSE OF ACTION
### FALSE ARREST

23. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff Westhoff was falsely arrested by members of the City of Yonkers Police Department in or about September of 2006 for the crimes of endangering the welfare of a child and sexual abuse in the third degree, as a direct result of the actions of Defendants.

25. As a result of this false arrest, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION
### FALSE IMPRISONMENT

26. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

27. As a result of Defendants intentional and unlawful actions, Plaintiff Westhoff was directed to report to the City of Yonkers Police Department, under threat of arrest if he did not comply. Plaintiff Westhoff reported as directed, was arrested, handcuffed, finger-printed, and photographed.

28. Plaintiff Westhoff was conscious of said imprisonment.

29. Plaintiff Westhoff did not consent to said imprisonment.

30. The confinement was not otherwise privileged.

31. As a result of this false imprisonment, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION

32. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25 and paragraphs 27 through 31 as if fully set forth herein.

33. Defendants initiated and procured criminal proceedings against Plaintiff Westhoff without probable cause and for a purpose other than bringing Plaintiff Westhoff to justice.

34. At the time prosecution was initiated, Defendants had had ample time and opportunity to withdraw their allegations and thus fully establish the lack of probable cause for said prosecution, but failed to do so.

35. The judicial proceedings were brought without probable cause.

36. Defendants thereby initiated prosecution without any reasonable or substantiated ground for belief that Plaintiff Westhoff was guilty of the counts alleged.

37. Defendants brought said prosecution in reckless disregard of the rights of Plaintiff Westhoff.

38. The facts and circumstances surrounding the prosecution of Plaintiff Westhoff demonstrate malice on the part of Defendants.

39. The judicial proceeding terminated in the Plaintiff Westhoff's favor with an acquittal of Plaintiff Westhoff at the conclusion of the jury trial on March 6, 2008.

40. Defendants' action deprived Plaintiff Westhoff of his rights.

41. As a result of this malicious prosecution, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

5

## AS AND FOR A FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25, paragraphs 27 through 31, and paragraphs 33 through 41, as if fully set forth herein.

43. Defendants acted with gross, wanton, willful and reckless disregard of Plaintiff Westhoff's rights and well being.

44. Defendants' conduct was outrageous and without excuse or justification.

45. Severe emotional distress to Plaintiff Westhoff by reason of Defendants' actions was reasonably foreseeable.

46. By reason of Defendants' actions, Plaintiff Westhoff has suffered extreme emotional and mental distress.

47. As a result of this intentional infliction of emotional distress, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25, paragraphs 27 through 31, paragraphs 33 through 41, and paragraphs 43 through 47, as if fully set forth herein.

49. Defendants acted with negligent disregard of Plaintiff Westhoff's rights and well being.

50. Defendants' conduct was negligent and without excuse or justification.

51. Severe emotional distress to Plaintiff Westhoff by reason of the actions of Defendants was reasonably foreseeable.

52. As a result of this negligent infliction of emotional distress, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION
## PRIMA FACIE TORT

53. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25, paragraphs 27 through 31, paragraphs 33 through 41, paragraphs 43 through 47, and paragraphs 49 through 52, as if fully set forth herein.

54. Defendants inflicted intentional harm, resulting in damage, without excuse or justification, by their acts and series of acts which would otherwise be lawful.

55. Defendants were motivated by disinterested malevolence in raising and pursuing their allegations against Plaintiff Westhoff.

56. As a result of the actions of the Defendants, Plaintiff Westhoff suffered special damages. Plaintiff Westhoff was forced by the actions of Defendants to endure public and private ridicule and humiliation as a result of the publication and broadcast of Defendants' allegations, to suffer the economic burdens of defending the criminal action while his earning capacity was simultaneously diminished, and to suffer physically and emotionally.

57. As a result of this prima facie tort, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against each Defendant on each cause of action, together with such other and further relief as this Court deems to be just, equitable, and proper.

7

Dated: May 1, 2008
      White Plains, NY

                            Cheryl K. Beece, Esq.
                       **PARISI & PATTI, LLP**
          200 Mamaroneck Ave. Suite 602
            White Plains, NY 10601
               (914) 287-0201
             Fax: (914) 287-7384

To:

Donald S. Campbell, Esq.
Danzig Fishman & Decea
Attorneys for Defendant Kelly Greehan
One North Broadway, Suite 1202
White Plains, NY 10601

Courtesy copy to:

Vincent P. D'Andrea, Esq.
Donohue, Thomas, Auslander and Drohan
Attorneys for Defendants Board of Education
   of the City of Yonkers and City of Yonkers
   in Index No.: 14003/07
700 White Plains Road
Scarsdale, NY 10583
Tel.:   (914) 725-7893

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
GREGORY WESTHOFF,

                                 Plaintiff,           Index No. 08-07524

           -against-                          **VERIFICATION**

STEFANI MIOTTO and KELLY GREEHAN,

                                Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK       )
                          ) ss.
COUNTY OF WESTCHESTER   )

The undersigned, as Plaintiff in the within action, being duly sworn, deposes and says:

He has read the foregoing Complaint and knows the contents thereof, and the same is true to his knowledge except as to those matters which are therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

                                                   _____
                                                    Gregory Westhoff

Sworn to before me this 2nd day
of May, 2008.

_Cheryl K Beece_
Notary Public
CHERYL K. BEECE
Notary Public, State of New York
No. 02BE6146369
Qualified in Putnam County
Commission Expires May 15, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
GREGORY WESTHOFF,

                        Plaintiff,           Index No. 08-07524

          -against-                       **CERTIFICATION**

STEFANI MIOTTO and KELLY GREEHAN,

                       Defendants.
----------------------------------------------------------------X

      The undersigned certifies, in accordance with Section 130-1.1(a) of the Rules of the

Chief Administrator that the attached Verified Complaint and all accompanying papers are not

frivolous as defined in Subsection(c) of Section 130-1.1.

Dated:      May 1, 2008
              White Plains, New York

                                            *Cheryl K Beece*
                                   Cheryl K. Beece, Esq.:
                                   **PARISI &PATTI, LLP**
                                   Attorneys for Plaintiff
                                   200 Mamaroneck Ave. Suite 602
                                   White Plains, New York 10601
                                   (914) 287-0201
                                   Fax: (914) 287-7384

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER                                Index No.: 08-07524

---

GREGORY WESTHOFF,

                                                              Plaintiff,

                              -against-

STEFANI MIOTTO and KELLY GREEHAN,

                                                              Defendants.

---

## VERIFIED COMPLAINT

---

PARISI AND PATTI, LLP
Attorney for Plaintiff
200 Mamaroneck Avenue, Suite 602
White Plains, NY 10601
(914) 287-7374
Fax: (914) 287-7384

---

To:                              Courtesy copy to:
    Donald S. Campbell              Vincent P. D'Andrea
    Danzig Fishman & Decea          Donohue, Thomas, Auslander and Drohan
    Attorneys for Defendant Kelly Greehan    Attorneys for Defendants Board of
    One North Broadway, Suite 1202       Education of the City of Yonkers and
    White Plains, NY 10601               City of Yonkers in Index No.: 14003/07
                                    700 White Plains Road
                                    Scarsdale, NY 10583

---

Dated:   May 1, 2008

---

    The undersigned attorney certifies pursuant to 22 NYCRR 1301.1 that to the best of his/her knowledge, information and belief, the annexed document is not frivolous.

                                    Cheryl K. Beece, Esq.

Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------x
GREGORY WESTHOFF,                                    Index No. 7524/08

                        Plaintiff,

        - against -
                                                    **NOTICE OF REMOVAL**
STEFANI MIOTTO and KELLY GREEHAN,                   **TO FEDERAL COURT**

                        Defendants.
------------------------------------------x

        **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1332 and

§1441 et seq., Defendant Stefani Miotto filed a Notice of Removal

to the United States District Court for the Southern District of

New York on May 8, 2008.  A copy of the Notice of Removal is

annexed hereto, and is served and filed herewith.  This action

shall proceed in that federal court.

Dated: Hawthorne, NY                    NORMAN M. BLOCK, P.C.
       May 8, 2008

                                        by _____
                                           NORMAN M. BLOCK
                                        Attorneys for Defendant Miotto
                                        245 Saw Mill River Road
                                        Hawthorne, NY  10532
                                        (914) 769-3100

To:

Clerk of the Court                      Kelly Greehan
Supreme Court, Westchester County       27 Windsor Terrace
110 Dr. Martin Luther King Jr. Blvd.    Yonkers, NY 10710
White Plains, NY 10601

Parisi & Patti, LLP
200 Mamaroneck Ave., Ste 602
White Plains, NY 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

GREGORY WESTHOFF,                              No.    Civ

                        Plaintiff,

    - against -                                      **NOTICE OF REMOVAL**

STEFANI MIOTTO and KELLY GREEHAN,
                                               **08 CIV. 4336**
                        Defendants.

------------------------------------x

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

     Defendant Stefani Miotto, by her attorneys, Norman M. Block,

P.C., respectfully petitions the Court pursuant to 28 U.S.C.

§1441 as follows:

     1.   On or about April 7, 2008, the above-captioned action

was commenced in the Supreme Court of the State of New York,

County of Westchester, and is now pending therein.  A trial has

had been had therein.  A copy of the Summons with Notice served

on Stefani Miotto on April 15, 2008 is annexed hereto as Exhibit

A.  Petitioner has not yet received Plaintiff's complaint nor

served an answer thereto.

     2.   This action seeks damages in excess of $1,000,000 for

malicious prosecution, negligent infliction of emotional

distress, intentional infliction of emotional distress and prima

facie tort.

     3.   This action involves a controversy between citizens of

different states, in that the plaintiff is a citizen of the State

FILED
MAY - 8 2008
USDC WP SDNY

of Connecticut and both defendants are citizens of the State of
New York.

4.    This action is one in which the District Courts of the
United States have original jurisdiction pursuant to 28 U.S.C.
§1332, in that there is complete diversity between the plaintiffs
and the defendants and the amount in controversy exceeds $75,000
exclusive of interest.

5.    Written notice of the filing of this Notice of Petition
will be given to both the plaintiff and to defendant Greehan
promptly after the filing of this Notice.

6.    A true and correct copy of this Notice of Removal will
be filed with the Clerk of the Supreme Court of the State of New
York, County of Westchester, promptly after the filing of this
Notice.

7.    By filing this Notice of Removal, Petitioner does not
waive any defense which may be available to it, including but not
limited to defenses of in personam jurisdiction over defendant
Miotto and Statute of Limitations defenses.

8.    There is currently an action pending in this Court,
Case No. 07 Civ. 1033 (WCC), wherein Stefani Miotto is the
plaintiff and Gregory Westhoff is the defendant.  This matter
should be assigned to the same judge and jointly tried with that
matter, since both involve common questions of law and fact.

WHEREFORE, Petitioner requests that this matter now pending in the Supreme Court of the State of New York, County of Westchester, be removed to this Court and consolidated with Case No. 07 Civ. 1033 (WCC), and that the Court grant to Petitioner such other and further relief as to the Court may seem equitable, just and proper.

Dated: Hawthorne, NY
       May 6, 2008

        Norman M. Block (NB8119)
NORMAN M. BLOCK, P.C.
Attorneys for Defendant Miotto
245 Saw Mill River Road
Hawthorne, NY 10532
(914) 769-3100

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------X
KELLY GREEHAN, THOMAS GREEHAN and
PATRICIA GREEHAN,                                    Index No.: 07/14003

                              Plaintiffs,

            -against-                               VERIFIED
                                                    COMPLAINT   RECEIVED

BOARD OF EDUCATION OF THE CITY OF
YONKERS, THE CITY OF YONKERS, and
GREGORY H. WESTHOFF,                                AUG - 2 2007

                              Defendants.           TIMOTHY C. IDONI
------------------------------------X               COUNTY CLERK
                                                    COUNTY OF WESTCHESTER

       Plaintiffs, by their attorneys, DANZIG FISHMAN &

DECEA, as and for their Verified Complaint against

Defendants herein, allege and show to the Court the

following, upon information and belief:

       1.   At all times hereinafter mentioned, Plaintiff

PATRICIA GREEHAN, was and still is the mother and natural

guardian of the infant Plaintiff, KELLY GREEHAN.

       2.   At all times hereinafter mentioned, Plaintiff

THOMAS GREEHAN, was and still is the father and natural

guardian of the infant Plaintiff, KELLY GREEHAN.

       3.   At all times hereinafter mentioned, Plaintiffs

KELLY GREEHAN, PATRICIA GREEHAN and THOMAS GREEHAN have

been and continue to be residents of the County of

Westchester, State of New York.

4.   At all times hereinafter mentioned, Defendant BOARD OF EDUCATION OF THE CITY OF YONKERS (hereinafter "BOARD OF EDUCATION") was and still is a government agency duly organized and authorized to do business within the State of New York.

5.   At all times hereinafter mentioned, Defendant THE CITY OF YONKERS, was and still is a government agency duly organized and authorized to do business within the State of New York.

6.   Upon information and belief, at all times hereinafter mentioned, Defendant GREG WESTHOFF was and is a resident of the State of Connecticut.

7.   On May 4, 2006 and prior thereto, Defendant WESTHOFF was the Band Teacher at Saunders Trades and Technical High School.

8.   On May 4, 2006 at approximately 10:30 a.m. at Saunders Trades and Technical High School, Defendant WESTHOFF enticed and/or lured Plaintiff KELLY GREEHAN into his office located in a back corner of his designated classroom located at Saunders Trades and Technical High School.

9.   On May 4, 2006 at approximately 10:30 a.m. at Saunders Trades and Technical High School, Defendant WESTHOFF made several lude and lascivious comments of a

00013771                          2

sexual nature to Plaintiff KELLY GREEHAN, including comments regarding her private areas, without her solicitation or consent.

10. On May 4, 2006 at approximately 10:30 a.m. at Saunders Trades and Technical High School, Defendant WESTHOFF caressed and manipulated Plaintiff KELLY GREEHAN'S breasts and the mid and lower torso area of her body, without her solicitation or consent.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST THE CITY OF YONKERS**

11. At all times hereinafter mentioned, Defendant GREG WESTHOFF was an employee of Defendant THE CITY OF YONKERS.

12. At all times hereinafter mentioned, Defendant THE CITY OF YONKERS operated Saunders Trades and Technical High School, located at 183 Palmer Road, Yonkers, New York.

13. At all times hereinafter mentioned, Defendant THE CITY OF YONKERS had a duty to provide a safe environment for its students lawfully present at its schools, including Saunders Trades and Technical High School.

14. At all times hereinafter mentioned, Defendant THE CITY OF YONKERS had a duty to hire, train, and supervise its employees including principals, deans, teachers, teacher's aides, administrators, and others to staff its

schools, including Saunders Trades and Technical High School so as to provide a safe environment for its students.

15. At all times hereinafter mentioned, Defendant THE CITY OF YONKERS had a duty to promulgate rules, regulations, policies and procedures to preserve and maintain the security, health, safety and welfare of the students under its care.

16. At all times hereinafter mentioned, Defendant THE CITY OF YONKERS had a duty to insure that rules, regulations, policies and procedures implemented to preserve and maintain the security, health, safety and welfare of the students under its care were imparted to the principals, deans, teachers, teacher's aids, administrators, and other staff members assigned to its schools and that they were trained in the proper method to implement and enforce said rules.

17. At all times hereinafter mentioned, Defendant THE CITY OF YONKERS had a duty to enforce its rules, regulations, policies and procedures necessary to preserve and maintain the security, health, safety and welfare of the students under its care.

18. At all times hereinafter mentioned, Plaintiff KELLY GREEHAN was a student attending Saunders Trades and

00013771                          4

Technical High School and was under the care and supervision of Defendant THE CITY OF YONKERS, by and through its principals, deans, teachers, teacher's aids and other staff members.

19. As a result of the negligent hiring, training, supervision and/or absence of adequate supervision of the teachers at Saunders Trades and Technical High School, Defendant THE CITY OF YONKERS permitted, allowed and continued a dangerous environment to exist which posed a risk to all Saunders Trades and Technical High School students and caused, created, triggered and/or failed to prevent and/or intercede and stop Defendant WESTHOFF from committing the above acts of sexual harassment and sexual assault of Plaintiff KELLY GREEHAN.

20. The Defendant THE CITY OF YONKERS committed the above acts and omissions of negligence, carelessness and recklessness despite their prior notice and awareness of WESTHOFF'S propensity to engage in sexually inappropriate and deviant behavior with students.

21. The Defendant THE CITY OF YONKERS failed to take appropriate action to prevent Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN despite its prior notice and awareness of WESTHOFF'S

00013771                      5

propensity to engage in sexually inappropriate and deviant behavior with students.

22. As a result of Defendant THE CITY OF YONKER'S negligence, carelessness, recklessness and lack of supervision, Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

23. As a result of Defendant THE CITY OF YONKER'S negligence, carelessness, recklessness and lack of supervision, Plaintiff KELLY GREEHAN suffered damages in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THE BOARD OF EDUCATION

24. The Plaintiffs KELLY GREEHAN, PATRICIA GREEHAN and THOMAS GREEHAN repeat and reallege each and every allegation set forth in Paragraphs 1 through 23 of this Complaint with the same force and effect as if more fully set forth at length herein.

25. At all times hereinafter mentioned, Defendant GREG WESTHOFF was an employee of Defendant BOARD OF EDUCATION.

00013771                                     6

26. At all times hereinafter mentioned, Defendant BOARD OF EDUCATION operated Saunders Trades and Technical High School, located at 183 Palmer Road, Yonkers, New York.

27. At all times hereinafter mentioned, Defendant BOARD OF EDUCATION had a duty to provide a safe environment for its students lawfully present at its schools, including Saunders Trades and Technical High School.

28. At all times hereinafter mentioned, Defendant BOARD OF EDUCATION had a duty to hire, train, and supervise its employees including principals, deans, teachers, teacher's aides, administrators, and others to staff its schools, including Saunders Trades and Technical High School so as to provide a safe environment for its students.

29. At all times hereinafter mentioned, Defendant BOARD OF EDUCATION had a duty to promulgate rules, regulations, policies and procedures to preserve and maintain the security, health, safety and welfare of the students under its care.

30. At all times hereinafter mentioned, Defendant BOARD OF EDUCATION had a duty to insure that rules, regulations, policies and procedures implemented to preserve and maintain the security, health, safety and welfare of the students under its care were imparted to the

principals, deans, teachers, teacher's aids, administrators, and other staff members assigned to its intermediate schools and that they were trained in the proper method to implement and enforce said rules.

31. At all times hereinafter mentioned, Defendant BOARD OF EDUCATION had a duty to enforce its rules, regulations, policies and procedures necessary to preserve and maintain the security, health, safety and welfare of the students under its care.

32. At all times hereinafter mentioned, Plaintiff KELLY GREEHAN was a student attending Saunders Trades and Technical High School and was under the care and supervision of Defendant BOARD OF EDUCATION, by and through its principals, deans, teachers, teacher's aids and other staff members.

33. As a result of the negligent hiring, training, supervision and/or absence of adequate supervision of the teachers at Saunders Trades and Technical High School, Defendant BOARD OF EDUCATION permitted, allowed and continued a dangerous environment to exist which posed a risk to all Saunders Trades and Technical High School students and caused, created, triggered and/or failed to prevent and/or intercede and stop Defendant WESTHOFF from

committing the above acts of sexual harassment and sexual assault of Plaintiff KELLY GREEHAN.

34. The Defendant BOARD OF EDUCATION committed the above acts and omissions of negligence, carelessness and recklessness despite their prior notice and awareness of WESTHOFF'S propensity to engage in sexually inappropriate and deviant behavior with students.

35. The Defendant BOARD OF EDUCATION failed to take appropriate action to prevent Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN despite its prior notice and awareness of WESTHOFF's propensity to engage in sexually inappropriate and deviant behavior with students.

36. As a result of Defendant BOARD OF EDUCATION'S negligence, carelessness, recklessness and lack of supervision, Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

37. As a result of Defendant BOARD OF EDUCATION'S negligence, carelessness, recklessness and lack of supervision, Plaintiff KELLY GREEHAN suffered damages in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST WESTHOFF

38. The Plaintiffs KELLY GREEHAN, PATRICIA GREEHAN and THOMAS GREEHAN repeat and reallege each and every allegation set forth in Paragraphs 1 through 37 of this Complaint with the same force and effect as if more fully set forth at length herein.

39. As a result of Defendant WESTHOFF'S intentional acts of sexual harassment and sexual assault, Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

40. As a result of Defendant WESTHOFF'S intentional acts of sexual harassment and sexual assault, Plaintiff KELLY GREEHAN suffered damages in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST THE CITY OF YONKERS

41. The Plaintiff PATRICIA GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 40 of this Complaint with the same force and effect as if more fully set forth at length herein.

42. At all times herein mentioned, Plaintiff PATRICIA GREEHAN was and still is the mother and natural guardian of

Plaintiff KELLY GREEHAN, and was and is entitled to her services and society.

43.   By   reason   of   the   foregoing   negligence, carelessness,  recklessness  and  absence  of  supervision, Defendant THE CITY OF YONKERS, Plaintiff PATRICIA GREEHAN was and will be for a long time deprived of the services, companionship, and society of her daughter, Plaintiff KELLY GREEHAN; was and will be for a long time to come compelled to  expend  large  sums  of  money  for  medical  care  and attention for her daughter, all to her damage in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST BOARD OF EDUCATION

44.   The  Plaintiff  PATRICIA  GREEHAN  repeats  and realleges each and every allegation set forth in Paragraphs 1 through 43 of this Complaint with the same force and effect as if more fully set forth at length herein.

45.   At all times herein mentioned, Plaintiff PATRICIA GREEHAN was and still is the mother and natural guardian of Plaintiff KELLY GREEHAN, and was and is entitled to her services and society.

46.   By   reason   of   the   foregoing   negligence, carelessness, recklessness and absence of supervision, of Defendant BOARD OF EDUCATION, Plaintiff PATRICIA GREEHAN

was and will be for a long time deprived of the services, companionship, and society of her daughter, Plaintiff KELLY GREEHAN; was and will be for a long time to come compelled to expend large sums of money for medical care and attention for her daughter, all to her damage in an amount that exceeds the jurisdiction of all of the lower Courts.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>
<u>AGAINST WESTHOFF</u>

47. The Plaintiff PATRICIA GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 46 of this Complaint with the same force and effect as if more fully set forth at length herein.

48. At all times herein mentioned, Plaintiff PATRICIA GREEHAN was and still is the mother and natural guardian or Plaintiff KELLY GREEHAN, and was and is entitled to her services and society.

49. By reason of the foregoing intentional acts of sexual harassment and sexual assault of Defendant WESTHOFF, Plaintiff PATRICIA GREEHAN was and will be for a long time deprived of the services, companionship, and society of her daughter, Plaintiff KELLY GREEHAN; was and will be for a long time to come compelled to expend large sums of money for medical care and attention for her daughter, all to her

damage in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST THE CITY OF YONKERS

50. The Plaintiff THOMAS GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint with the same force and effect as if more fully set forth at length herein.

51. At all times herein mentioned, Plaintiff THOMAS GREEHAN was and still is the father and natural guardian of Plaintiff KELLY GREEHAN, and was and is entitled to her services and society.

52. By reason of the foregoing negligence, carelessness, recklessness and absence of supervision, of Defendant THE CITY OF YONKERS, Plaintiff THOMAS GREEHAN was and will be for a long time deprived of the services, companionship, and society of his daughter, Plaintiff KELLY GREEHAN; was and will be for a long time to come compelled to expend large sums of money for medical care and attention for her daughter, all to her damage in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### AGAINST BOARD OF EDUCATION

53. The Plaintiff THOMAS GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through

00013771                    13

52 of this Complaint with the same force and effect as if more fully set forth at length herein.

54. At all times herein mentioned, Plaintiff THOMAS GREEHAN was and still is the father and natural guardian of Plaintiff KELLY GREEHAN, and was and is entitled to her services and society.

55. By reason of the foregoing negligence, carelessness, recklessness and absence of supervision, of Defendant BOARD OF EDUCATION, Plaintiff THOMAS GREEHAN was and will be for a long time deprived of the services, companionship, and society of his daughter, Plaintiff KELLY GREEHAN; was and will be for a long time to come compelled to expend large sums of money for medical care and attention for his daughter, all to him damages in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR A NINTH CAUSE OF ACTION
### AGAINST WESTHOFF

56. The Plaintiff THOMAS GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 55 of this Complaint with the same force and effect as if more fully set forth at length herein.

57. At all times herein mentioned, Plaintiff THOMAS GREEHAN was and still is the father and natural guardian of

Plaintiff KELLY GREEHAN, and was and is entitled to her services and society.

58. By reason of the foregoing intentional acts of sexual harassment and sexual assault of Defendant WESTHOFF, Plaintiff THOMAS GREEHAN was and will be for a long time deprived of the services, companionship, and society of his daughter, Plaintiff KELLY GREEHAN; was and will be for a long time to come compelled to expend large sums of money for medical care and attention for his daughter, all to him damages in an amount that exceeds the jurisdiction of all of the lower Courts.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST THE CITY OF YONKERS

59. The Plaintiff KELLY GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 58 of this Complaint with the same force and effect as if more fully set forth at length herein.

60. The Defendant THE CITY OF YONKERS permitted Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN despite its prior notice and awareness of WESTHOFF's propensity to engage in sexually inappropriate and deviant behavior with students in violation of New York State Executive Law § 296(4).

61. As a result of Defendant THE CITY OF YONKERS violation of New York State Executive Law § 296(4), Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### AGAINST BOARD OF EDUCATION

62. The Plaintiff KELLY GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 61 of this Complaint with the same force and effect as if more fully set forth at length herein.

63. The Defendant BOARD OF EDUCATION permitted Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN despite its prior notice and awareness of WESTHOFF's propensity to engage in sexually inappropriate and deviant behavior with students in violation of New York State Executive Law § 296(4).

64. As a result of Defendant BOARD OF EDUCATION'S violation of New York State Executive Law § 296(4), Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### AGAINST THE CITY OF YONKERS

65. The Plaintiff KELLY GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 64 of this Complaint with the same force and effect as if more fully set forth at length herein.

66. The Defendant THE CITY OF YONKERS aided and abetted Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN by its failure to take appropriate action to prevent Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN despite its prior notice and awareness of WESTHOFF's propensity to engage in sexually inappropriate and deviant behavior with students in violation of New York State Executive Law § 296(6).

67. As a result of Defendant THE CITY OF YONKERS violation of New York State Executive Law § 296(6), Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

## AS AND FOR AN THIRTEENTH CAUSE OF ACTION
### AGAINST BOARD OF EDUCATION

68. The Plaintiff KELLY GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 67 of this Complaint with the same force and effect as if more fully set forth at length herein.

69. The Defendant BOARD OF EDUCATION aided and abetted Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN by its failure to take appropriate action to prevent Defendant WESTHOFF'S sexual harassment and sexual assault of Plaintiff KELLY GREEHAN despite its prior notice and awareness of WESTHOFF's propensity to engage in sexually inappropriate and deviant behavior with students in violation of New York State Executive Law § 296(6).

70. As a result of Defendant BOARD OF EDUCATION'S violation of New York State Executive Law § 296(6), Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST WESTHOFF

71. The Plaintiff KELLY GREEHAN repeats and realleges each and every allegation set forth in Paragraphs 1 through 70 of this Complaint with the same force and effect as if more fully set forth at length herein.

72. As a result of Defendant WESTHOFF'S intentional infliction of emotional distress, Plaintiff KELLY GREEHAN suffered serious and permanent injuries without any fault of the Plaintiff KELLY GREEHAN contributing thereto.

73. As a result of Defendant WESTHOFF'S intentional infliction of emotional distress, Plaintiff KELLY GREEHAN suffered damages in an amount that exceeds the jurisdiction of all of the lower Courts.

74. This action falls within one or more of the exceptions set forth in CPLR 1602.

75. The Plaintiffs Notices of Claim were served upon THE CITY OF YONKERS and BOARD OF EDUCATION pursuant to the Decision and Order of Hon. William J. Giacomo, J.S.C. dated March 15, 2007, hereinafter described and sued upon.

76. More than thirty (30) days have elapsed since the presentation of such Notices of Claim and said claims remain unadjusted.

77. The within action was commenced by the filing of the Summons and Complaint within one year and 90 days from the date that the cause of action arose.

78. The Plaintiffs have complied with all the conditions precedent to the bringing of this action and have complied with the provisions of the applicable statutes.

WHEREFORE, the Plaintiffs respectfully demand judgment against the Defendants for damages in an amount that exceeds the jurisdiction of all of the lower Courts;

together with interest, costs and disbursements of this action.

Dated:     White Plains, New York
           July 30, 2007

<br><br>

THOMAS B. DECEA, ESQ.
Danzig Fishman & Decea
Attorneys for Petitioners
KELLY GREEHAN, THOMAS GREEHAN and
PATRICIA GREEHAN
One North Broadway, Suite 1202
White Plains, New York 10601
Telephone: (914) 285-1400
Facsimile: (914) 285-1401

<u>VERIFICATION</u>

STATE OF NEW YORK            )
                            )  ss.:
COUNTY OF WESTCHESTER )

     KELLY GREEHAN, being duly sworn, deposes and says:

     I am a Plaintiff in the within action. I have read the foregoing verified complaint, know the contents thereof, and the same is true to my own knowledge, except as to matters therein alleged upon information and belief, and as to those matters I believe them to be true.

 

Sworn to before me this
2nd day of August, 2007

_____
Notary Public

_____
*Kelly Greehan*
KELLY GREEHAN

ROBIN J. VILLARONGA
Notary Public, State of New York
Qualified in Dutchess County
Commission Expires July 20, 20__  01VI6028676  November 14, 2009

00013771                    21

VERIFICATION

STATE OF NEW YORK          )
                           )   ss.:
COUNTY OF WESTCHESTER  )

THOMAS GREEHAN, being duly sworn, deposes and says:

I am a Plaintiff in the within action.  I have read the foregoing verified complaint, know the contents thereof, and the same is true to my own knowledge, except as to matters therein alleged upon information and belief, and as to those matters I believe them to be true.

THOMAS GREEHAN

Sworn to before me this
2nd day of August, 2007

Notary Public
ROBIN J. VILLARONGA
Notary Public, State of New York
Qualified in Dutchess County
Commission Expires July 20, 20___
01VI6028676
November 14, 2009

00013771                          22

<u>VERIFICATION</u>

STATE OF NEW YORK        )
                         )   ss.:
COUNTY OF WESTCHESTER )

     PATRICIA GREEHAN, being duly sworn, deposes and says:

     I am a Plaintiff in the within action. I have read the foregoing verified complaint, know the contents thereof, and the same is true to my own knowledge, except as to matters therein alleged upon information and belief, and as to those matters I believe them to be true.

*Patricia Greehan*
PATRICIA GREEHAN

Sworn to before me this
2nd day of August, 2007

*Robin J. Villaronga*
Notary Public

ROBIN J. VILLARONGA
Notary Public, State of New York
Qualified in Dutchess County
Commission Expires July 20, 20___  01VI6028676
November 14, 2009

00013771                        23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER                                    Index No.:

KELLY GREEHAN, THOMAS GREEHAN and
PATRICIA GREEHAN,

                                        Plaintiffs,

        -against-

BOARD OF EDUCATION OF THE CITY OF
YONKERS and THE CITY OF YONKERS,

                                        Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

### DANZIG FISHMAN & DECEA

**Attorney(s) for**
**PLAINTIFFS**

*Office and Post Office Address, Telephone*
ONE NORTH BROADWAY, SUITE 1202
WHITE PLAINS, NEW YORK 10601
PHONE: (914) 285-1400/ FAX: (914) 285-1401

---

To

                            Service of a copy of the within
                            is hereby admitted

                            Dated: ...................................

                            .................................................................
                            Attorney(s) for

---

PLEASE TAKE NOTICE:

☐     NOTICE OF ENTRY
that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐     NOTICE OF SETTLEMENT
that an order                                       of which the within is a true copy
will be presented for settlement to the HON.          one of the judges of the
within named Court, at
on                              at              M.
Dated,

                                        Yours, etc.
To                          DANZIG FISHMAN & DECEA
                            Attorneys for
                            *Office and Post Office Address, Telephone*
Attorney(s) for             ONE NORTH BROADWAY, SUITE 1202
                            WHITE PLAINS, NEW YORK 10601
                            PHONE: (914) 285-1400 / FAX: (914) 285-1401

Case 7:08-cv-04336-WCC   Document 6   Filed 06/06/2008   Page 53 of 58
Apr 03 07 03:13p   Case 7:07-cv-01033-WCC   Document 7   Filed 06/06/2007   Page 6 of 13

Case 7:07-cv-01033-WCC   Document 1   Filed 02/14/2007   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

STEFANI MIOTTO,

                          Plaintiff,

          - against -

YONKERS PUBLIC SCHOOLS, BERNARD P.
PIERORAZIO, SUPERINTENDANT OF YONKERS
PUBLIC SCHOOLS, STEVE MAZZOLA, PRINCIPAL
OF SAUNDERS TRADES AND TECHNICAL HIGH
SCHOOL and GREG A. WESTHOFF,

                          Defendants.
------------------------------------------------x

**07 CV. 1033**

**COMPLAINT**

**JUDGE CONNER**

FILED
U.S. DISTRICT COURT
S.D. OF N.Y.W.P.
2007 FEB 14 A 6 57

          Plaintiff STEFANI MIOTTO, by her attorney, Norman M. Block,

as and for his Complaint herein respectfully alleges as follows:

                          NATURE OF THE ACTION

          1.   This action is brought pursuant to: 42 U.S.C. §§ 1983

and 1988 for deprivations of the Plaintiff's federal

constitutional rights caused by the Defendants, Title IX of the

Education Amendments of 1972, 20 U.S.C. § 1681 (Title IX) and

the laws of the State of New York.

                          JURISDICTION AND VENUE

          2.   The jurisdiction of this Court is invoked pursuant to

28 U.S.C. §§§ 1331, 1343(3) and 1367(a).

          3:   The venue of the action is appropriate pursuant to 28

U.S.C. § 1391(b).

Apr 03 07 03:18p

Case 7:08-cv-04336-WCC     Document 6     Filed 06/06/2008     Page 54 of 58
Case 7:07-cv-01033-WCC     Document 7     Filed 06/06/2007     Page 7 of 18

Case 7:07-cv-01033-WCC     Document 1     Filed 02/14/2007     Page 2 of 6

### PARTIES

4.   At all times relevant herein, Plaintiff Stefani Mioto was and is a natural person and citizen of the United States, domiciliary in the State of New York and County of Westchester, and was a student at the Saunders Trades and Technical High School operated by the Yonkers Public Schools.

5.   At all relevant times, Defendant Yonkers Public Schools is a union free school district operating under the laws of the State of New York, is located in the County of Westchester, New York, and receives federal funding from the United States Department of Education.

6.   At all times relevant herein, defendants Bernard P. Pierorazio and Steve Mazzola who are named individually and in their official capacity, were and are natural persons employed by the Yonkers Public Schools.

7.   At all relevant times, defendant Greg A. Westhoff was a teacher employed by the Yonkers Public Schools at the Saunders Trades and Technical High School.   Westhoff is currently a resident of the State of Connecticut.

### FACTS

8.   Beginning in December 2005 and continuing through May 2006, Westhoff began making unwelcome sexual comments and advances to the plaintiff, and made unwelcome physical contact with the plaintiff, creating a hostile atmosphere which caused

Case 7:08-cv-04336-WCC    Document 6    Filed 06/06/2008    Page 55 of 58
Apr 03 07 03:19p    Case 7:07-cv-01033-WCC    Document 7    Filed 06/06/2007    Page 8 of 8 p.5

Case 7:07-cv-01033-WCC    Document 1    Filed 02/14/2007    Page 3 of 6

emotional distress to the plaintiff and created an educational environment sufficiently hostile as to deprive her of access to the educational opportunities or benefits provided by the Yonkers Public Schools.

9.    On information and belief, Westhoff had been the subject of prior complaints that he was acting in a manner which created a hostile educational environment by making unwelcome sexual comments and advances and by unwelcome physical contact.

10.    On information and belief, Westhoff's past inappropriate and harassing conduct was known to the Yonkers Public Schools and to defendants Pierorazio and Mazzola.

11.    On information and belief, Westhoff had been transferred among the schools in the Yonkers Public Schools as a result of prior complaints of inappropriate and harassing conduct.

12.    Plaintiff filed a complaint to the Yonkers Public Schools on May 19, 2006.

13.    On information and belief, Westhoff retired after the complaint was filed and is now receiving a full pension from the Yonkers Public Schools.

14.    On information and belief, no disciplinary or other remedial action was taken toward Westhoff as a result of this and the many other complaints against him.

15. A Notice of Claim was served upon the defendants, pursuant to Section 50 of the General Municipal Law of the State of New York, on July 21, 2006.

16. More than 30 days has passed since the date of said hearing, and the defendants have neglected or refused to adjust or pay this claim.

### FIRST CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein.

18. The actions of defendants Pierorazio, Mazzola and Westhoff violated the clearly established and well settled federal constitutional rights of the Plaintiff to be free from sexual harassment pursuant to the 14th Amendment.

19. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant Pierorazio, Mazzola and Westhoff for violation of her constitutional rights under color of state law.

### SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein.

21. The actions of the Defendants deprived plaintiff of her access to the educational opportunities or benefits provided by the Yonkers Public Schools.

22. Plaintiff claims damages from the defendants for the injuries set forth above under Title IX of the Education Amendments of 1972, § 901(a) et seq.

### THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein.

24. Plaintiff claims damages from all defendants for the injuries set forth above under §296 of the New York Executive Law.

### FOURTH CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein

26. Plaintiff claims both compensatory and punitive damages for the injuries set forth against defendant Westhoff on the grounds of assault and battery.

### JURY DEMAND

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury of all issues in this case.

Apr 03 07 03:20p
Case 7:08-cv-04336-WCC    Document 6    Filed 06/06/2008    Page 58 of 58
Case 7:07-cv-01033-WCC    Document 7    Filed 06/06/2007    Page 11 of 18

Case 7:07-cv-01033-WCC    Document 1    Filed 02/14/2007    Page 6 of 6

**WHEREFORE**, Plaintiff demands Judgment be entered against the Defendants as follows:

a.    Granting Plaintiff compensatory damages in an amount to be determined by the trier of fact, but at least one million dollars:

b.    Granting Plaintiff punitive damages in an amount to be determined by the trier of fact, but at least one million dollars;

c.    Granting Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

d.    Granting Plaintiff such other and further relief as to the Court may seem equitable, just and proper under the circumstances.

Dated: Hawthorne, NY
       February 7, 2007

                                        BY
                                            Norman M. Block (NB8119)
                                            Attorneys for Plaintiff
                                            245 Saw Mill River Road
                                            Hawthorne, NY  10532
                                            (914) 769-3100