UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
GREGORY WESTHOFF,                          No. 08 Civ 4336  (WCC)

                Plaintiff,

   - against -

STEFANI MIOTTO and KELLY GREEHAN,

                Defendants.
-----------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION OF PLAINTIFF WESTHOFF
TO REMAND THIS MATTER TO THE STATE COURT
AND IN SUPPORT OF DEFENDANT MIOTTO'S
CROSS-MOTION TO DISMISS THIS ACTION AND/OR
ENJOIN PLAINTIFF WESTHOFF FROM BRINGING THESE
COMPULSORY COUNTERCLAIMS IN ANY COURT**


Norman M. Block (NB8119)
NORMAN M. BLOCK, P.C.
Attorneys for Miotto
245 Saw Mill River Road
Hawthorne, NY  10532
(914) 769-3100

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . 1

FACTUAL SUMMARY . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Point 1
        Since the Claims in this Action are Related to
        the Earlier Action, they are Compulsory Counterclaims,
        they are Forfeited, and this Action Should be Dismissed
        . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Point 2
        Westhoff Should be Enjoined
        From Bringing these Claims in
        any Other Court . . . . . . . . . . . . . . . . . . 6

    Point 3
        The Motion to Remand Should be Denied as Moot
        Since this Matter Should be Dismissed . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 9

## PRELIMINARY STATEMENT

Defendant Stefani Miotto submits this memorandum of law both in opposition to the motion of plaintiff Gregory A. Westhoff to remand this action to the State Court and in support of her cross-motion to both dismiss this action and to enjoin Westhoff from bringing these claims in any other court. (Opposition papers to the motion to remand by defendant Greehan will be addressed separately.)

This state court lawsuit is a blatant attempt by plaintiff Gregory A. Westhoff to end-run what would be instant dismissal in this Court because these claims are compulsory counterclaims which should have been brought in the matter of <u>Miotto v. Westhoff et al.</u>, Case No. 07 Civ. 1033 (WCC) (the "earlier action"). That earlier action has been combined with this case after removal to this Court. Since these claims were not brought in that earlier action, Westhoff is barred from bringing them, whether in Federal or State court. Rather than remand this case to the State court, the instant action should be dismissed in its entirety with respect to defendant Miotto, and Westhoff should be enjoined from attempting to bring these or any related claims in any other court.[1]

---

[1]    This opposition is not the motion to dismiss which will be filed on June 30 pursuant to the Court's direction.

1

**FACTUAL SUMMARY**

The instant action is, as the Court stated during our conference on June 4, 2008, Mr. Westhoff's attempt to fight back against the defendants, Stefani Miotto and Kelly Greehan, because they separately brought claims against him for sexual harassment, *inter alia*, while he was employed as a band teacher in the Yonkers Public Schools.  Miotto brought her action in this Court in the earlier action.  Greehan brought her action in the Supreme Court of the State of New York, County of Westchester.

Miotto's allegations in the earlier action are that during a period of time ending in June 2006, Westhoff made various sexual comments and advances to Miotto and inappropriately touched her, violated her civil rights, violated her rights under Title IX of the Education Act, and committed various torts under state statutory and common law.  As a result of this conduct, Miotto reported this action to her school principal and Mr. Westhoff retired from his job.  A copy of the complaint and answer are annexed hereto as Exhibit A.

Prior to Miotto bringing suit against Westhoff, the Westchester County District Attorney decided to prosecute Westhoff, and asked Miotto to give a statement regarding Westhoff's actions.  A trial was recently held and Westhoff was acquitted of the charges brought.

The instant action was filed in State court without a

2

complaint, as allowed pursuant to the New York C.P.L.R.
Realizing that this action was for matters which will already by
heard in this Court in the earlier action, Case No. 07 Civ. 1033
(WCC), and hoping to avoid duplicative litigation and a waste of
judicial resources, this action was removed to this Court and
joinder with the earlier action requested.[2]

The gravamen of the instant action is that because each of
the defendants cooperated with the district attorney and gave
statements, they are each liable to Westhoff for false arrest,
false imprisonment, malicious prosecution, intentional infliction
of emotional distress, negligent infliction of emotional distress
and prima facie tort.  (The complaint is annexed hereto as
Exhibit B)  They are not alleged to be jointly liable for a
single act, but are both alleged to be individually liable for
their individual actions.   Miotto contends that none of these
claims state a claim and four of the six are barred by the
relevant statutes of limitations.  Miotto has filed an answer and
an amended answer in this action, the amended answer adding the
affirmative defense that these claims are barred by Rule 13(a) of
the F.R.C.P. as compulsory counterclaims which should have been
brought in Westhoff's answer to the earlier action.  (Annexed as

---

[2]     Moreover the Court will note that the firm of Parisi &
Patti, LLP, represents Westhoff in both actions in this Court.
In the earlier action, the answer was signed by "The Dorf Firm,
LLP of counsel to Parisi & Patti, LLP."   In the instant action,
Parisi & Patti appears without the assistance of The Dorf Firm.

Exhibit C.)  In a pre-motion conference on June 4, 2008, prior to Miotto filing her answers, a scheduling order was set for the dismissal motions.  In a later telephone call from the Court, we were advised that an earlier date was being given for requested remand motions.  This motion ensued.  This cross-motion to dismiss and enjoin is in response to this motion.

Further, because these counterclaims are related to Miotto's federal claims in the earlier action, the fact that Miotto is a New York resident does not bar removing the State action to the Federal Court.[3]

**ARGUMENT**

**Point 1**

**Since the Claims in this Action are Related to
the Earlier Action, they are Compulsory Counterclaims,
they are Forfeited, and this Action Should be Dismissed**

As held in <u>Jones v. Ford Motor Co.</u>, 358 F.3d 205, 209 (2d. Cir. 2004) (citations omitted):

> Fed.R.Civ.P. 13(a) defines a compulsory counterclaim as any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot obtain jurisdiction.

---

[3]     Additionally, while defendant Greehan did not consent to the removal, the matter should remain in this Court, the suit against Greehan severed, and that action should be remanded to the State Court.  This relief will be addressed in Miotto's opposition to the Greehan motion wherein Miotto cross-moves for this relief.

4

Such counterclaims are compulsory in the sense that if they are not raised, they are forfeited.  Fed.R.Civ.P. 13(b) defines a permissive counterclaim as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

Whether a counterclaim is compulsory or permissive turns on whether the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and this Circuit has long considered this standard met when there is a logical relationship between the counterclaim and the main claim.  Although the "logical relationship test does not require "an absolute identity of factual backgrounds, the " essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'

There is no question that the claims being brought by Westhoff in this action have a logical relationship to the claims brought by Miotto in her earlier action.  The claims clearly arise out of the same occurrence that formed the basis of Miotto's claims against Westhoff.  The claims are being brought essentially to retaliate against Miotto for complaining about Westhoff's conduct and bringing her action in this Court. Clearly judicial economy and fairness dictate that all issues should have been resolved in one lawsuit.  Since these claims were not brought in that action at the time Westhoff filed his answer in that action, these claims are forfeited and this matter should be dismissed.

The fact that the criminal case against Westhoff was recently dismissed does not change the situation.  Any of the claims in the instant action could have been brought in the

earlier action.  None of the claims are dependent on that dismissal.  Even the malicious prosecution claim, while it depends on a favorable result for Westhoff, could have been brought earlier pending the final resolution of the criminal matter.

There is relief available to Westhoff.  If Westhoff believes that his failure to raise these counterclaims was through oversight, inadvertence or excusable neglect, he ought discontinue this action and move in the earlier action, pursuant to Rule 13(f) of the F.R.C.P., to amend his answer to allow these claims.  Whether or not to allow that amendment would be up to the discretion of the Court.[4]  Unless Westhoff takes advantage of that Rule, the matter must be dismissed due to his failure to initially plead these compulsory counterclaims.


**Point 2**

**Westhoff Should be Enjoined**
**From Bringing these Claims in**
**<u>any Other Court</u>**

Miotto also requests that the Court enjoin Westhoff from bringing or continuing these claims in any other Court.  Where a

---

[4]    As the Court is aware, the filing of the instant action has created issues in the earlier action regarding depositions of the parties.  The discovery cutoff in that case is currently July 25, 2008.  This was brought to the Court's attention at the conference on June 4, 2008.  A letter in this regard has been addressed to the Court by Westhoff's counsel in that action.

defendant attempts to bring a claim in another court which should have been a compulsory counterclaim in a pending Federal case, the Federal court should enjoin the defendant from bring those claims in any other Court.

This issue was addressed in Computer Associates International, Inc. v.  Altai, Inc. 93 F.2d 26 (2d Cir. 1990). In that case, as a result of a subsequent action being filed in the district court in Texas, the lower court refused to enjoin Altari from prosecuting the action in the Texas Court based on the belief that the claims in the Texas action were permissive rather than compulsory counterclaims to the New York action.  The appellate court agreed.  However, the clear implication of this case is that the injunction would have been appropriate if the claims were indeed compulsory counterclaims.

Certainly such an injunction protects the policy behind the compulsory counterclaim rule  -- that issues should be resolved in one lawsuit to avoid unfairness and waste of judicial resources.  The rule would be a sham if Federal courts were to allow defendants,  who forfeited their right to bring compulsory counterclaims, to bring these forfeited claims in other courts.

7

**Point 3**

**The Motion to Remand Should be Denied as Moot**
**Since this Matter Should be Dismissed**

Since the claims in this action are compulsory counterclaims which should have been brought in the earlier action, and since this action should be dismissed because these compulsory counterclaims are forfeited, there is nothing left to remand to the State court. Therefore, Westhoff's motion to remand should be denied as moot.

It should be noted, nonetheless, that removal was proper. Because the Court has original jurisdiction over the earlier action based on a claim of right under Federal law, the fact that Miotto is a New York resident would not bar her from removing this matter to the Federal court under 42 U.S.C. §1441(b). A similar situation occurred in Koufakis v. Carvel, 425 F.2d 892 (2d Cir. 1970). Carvel had brought a trademark infringement action against Koufakis, Koufakis brought an action in State court alleging various state law claims. The state action was removed to the Federal court. The Second Circuit held that, although there was no diversity between the parties, and that the defendants were New York residents, the removal was proper since the claims were compulsory counterclaims to the claim arising under Federal Law. Id. at 898-99. (The Court does not discuss why the counterclaims were not dismissed since they were forfeited.)

8

The same principal applies in this case.  As shown above, these claims are compulsory counterclaims to Miotto's claims under Federal law.  They should have been brought in the earlier action.  The fact that Miotto is a citizen of New York would not bar her from removing the case to this Court since the case is so intertwined with her action under Federal law.

## CONCLUSION

For the reasons set forth herein, defendant Miotto requests that the Court deny this motion to remand and dismiss this matter since all claims were forfeited as a result of the plaintiff's failure to bring these claims as compulsory counterclaims in an action already pending in this Court, that the Court enjoin Westhoff from brining these counterclaims in any other Court, and that the Court grant to defendant Miotto such other and further relief as to the Court may seem equitable, just and proper.

Dated: Hawthorne, NY
      June 10, 2008

BY____/s Norman M. Block_____
  Norman M. Block (NB8119)
NORMAN M. BLOCK, P.C.
Attorneys for Defendant Miotto
245 Saw Mill River Road
Hawthorne, NY  10532
(914) 769-3100

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
STEFANI MIOTTO,

                    Plaintiff,

   - against -

YONKERS PUBLIC SCHOOLS, BERNARD P.
PIERORAZIO, SUPERINTENDANT OF YONKERS
PUBLIC SCHOOLS, STEVE MAZZOLA, PRINCIPAL
OF SAUNDERS TRADES AND TECHNICAL HIGH
SCHOOL and GREG A. WESTHOFF,

                    Defendants.
------------------------------------x

**07 CIV. 1033**

**COMPLAINT**

**JUDGE CONNER**

FILED
U.S. DISTRICT COURT
S.D. OF N.Y.W.P.
2007 FEB 14 A 8:57

    Plaintiff STEFANI MIOTTO, by her attorney, Norman M. Block,
as and for his Complaint herein respectfully alleges as follows:

### NATURE OF THE ACTION

    1.   This action is brought pursuant to: 42 U.S.C. §§ 1983
and 1988 for deprivations of the Plaintiff's federal
constitutional rights caused by the Defendants, Title IX of the
Education Amendments of 1972, 20 U.S.C. § 1681 (Title IX) and
the laws of the State of New York.

### JURISDICTION AND VENUE

    2.   The jurisdiction of this Court is invoked pursuant to
28 U.S.C. §§§ 1331, 1343(3) and 1367(a).

    3.   The venue of the action is appropriate pursuant to 28
U.S.C. § 1391(b).

## PARTIES

4.    At all times relevant herein, Plaintiff Stefani Mioto was and is a natural person and citizen of the United States, domiciliary in the State of New York and County of Westchester, and was a student at the Saunders Trades and Technical High School operated by the Yonkers Public Schools.

5.    At all relevant times, Defendant Yonkers Public Schools is a union free school district operating under the laws of the State of New York, is located in the County of Westchester, New York, and receives federal funding from the United States Department of Education.

6.    At all times relevant herein, defendants Bernard P. Pierorazio and Steve Mazzola who are named individually and in their official capacity, were and are natural persons employed by the Yonkers Public Schools.

7.    At all relevant times, defendant Greg A. Westhoff was a teacher employed by the Yonkers Public Schools at the Saunders Trades and Technical High School.   Westhoff is currently a resident of the State of Connecticut.

## FACTS

8.    Beginning in December 2005 and continuing through May 2006, Westhoff began making unwelcome sexual comments and advances to the plaintiff, and made unwelcome physical contact with the plaintiff, creating a hostile atmosphere which caused

emotional distress to the plaintiff and created an educational environment sufficiently hostile as to deprive her of access to the educational opportunities or benefits provided by the Yonkers Public Schools.

9. On information and belief, Westhoff had been the subject of prior complaints that he was acting in a manner which created a hostile educational environment by making unwelcome sexual comments and advances and by unwelcome physical contact.

10. On information and belief, Westhoff's past inappropriate and harassing conduct was known to the Yonkers Public Schools and to defendants Pierorazio and Mazzola.

11. On information and belief, Westhoff had been transferred among the schools in the Yonkers Public Schools as a result of prior complaints of inappropriate and harassing conduct.

12. Plaintiff filed a complaint to the Yonkers Public Schools on May 19, 2006.

13. On information and belief, Westhoff retired after the complaint was filed and is now receiving a full pension from the Yonkers Public Schools.

14. On information and belief, no disciplinary or other remedial action was taken toward Westhoff as a result of this and the many other complaints against him.

15.  A Notice of Claim was served upon the defendants, pursuant to Section 50 of the General Municipal Law of the State of New York, on July 21, 2006.

16.  More than 30 days has passed since the date of said hearing, and the defendants have neglected or refused to adjust or pay this claim.

## FIRST CAUSE OF ACTION

17.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein.

18.  The actions of defendants Pierorazio, Mazzola and Westhoff violated the clearly established and well settled federal constitutional rights of the Plaintiff to be free from sexual harassment pursuant to the 14th Amendment.

19.  Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against defendant Pierorazio, Mazzola and Westhoff for violation of her constitutional rights under color of state law.

## SECOND CAUSE OF ACTION

20.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein.

21. The actions of the Defendants deprived plaintiff of her access to the educational opportunities or benefits provided by the Yonkers Public Schools.

22. Plaintiff claims damages from the defendants for the injuries set forth above under Title IX of the Education Amendments of 1972, § 901(a) et seq.

### THIRD CAUSE OF ACTION

23. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein.

24. Plaintiff claims damages from all defendants for the injuries set forth above under §296 of the New York Executive Law.

### FOURTH CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "16" of this Complaint as if the same were more fully set forth herein

26. Plaintiff claims both compensatory and punitive damages for the injuries set forth against defendant Westhoff on the grounds of assault and battery.

### JURY DEMAND

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury of all issues in this case.

**WHEREFORE**, Plaintiff demands Judgment be entered against the Defendants as follows:

a.   Granting Plaintiff compensatory damages in an amount to be determined by the trier of fact, but at least one million dollars:

b.   Granting Plaintiff punitive damages in an amount to be determined by the trier of fact, but at least one million dollars;

c.   Granting Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

d.   Granting Plaintiff such other and further relief as to the Court may seem equitable, just and proper under the circumstances.

Dated: Hawthorne, NY
       February 7, 2007

BY _____
   Norman M. Block (NB8119)
   Attorneys for Plaintiff
   245 Saw Mill River Road
   Hawthorne, NY  10532
   (914) 769-3100

0UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STEFANI MIOTTO,

              Plaintiff,

        v.

YONKERS PUBLIC SCHOOLS, BERNARD
P. PIERORAZIO, SUPER. OF YONKERS PUBLIC
SCHOOLS, STEVE MAZZOLA, PRINCIPAL OF
SAUNDERS TRADES & TECH. HIGH SCHOOL
AND GREG A. WESTHOFF,

              Defendants.

------------------------------------------------------------X

ANSWER

07 Civ 1033 (WCC)

Defendant Greg A. Westhoff (hereinafter, the "Defendant") by his attorneys, The

Dorf Law Firm, LLP, as and for his answer to Plaintiff's Complaint ("Complaint"),

states as follows:

1.   Defendant denies knowledge or information sufficient to form a belief as to the

     allegations contained in paragraph 1 of the Plaintiff's Complaint and refers all

     questions of law to the Court.

2.   Defendant denies knowledge or information sufficient to form a belief as to the

     allegations contained in paragraph 2 of the Plaintiff's Complaint and refers all

     questions of law to the Court.

3.   Defendant denies knowledge or information sufficient to form a belief as to the

     allegations contained in paragraph 3 of the Plaintiff's Complaint and refers all

     questions of law to the Court.

4. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Plaintiff's Complaint and refers all questions of law to the Court.

5. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Plaintiff's Complaint and refers all questions of law to the Court.

6. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Plaintiff's Complaint and refers all questions of law to the Court.

7. Defendant admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Plaintiff's Complaint except admits

that he is retired from the Yonkers Public Schools.

14. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Plaintiff's Complaint except as to those allegations admitted above.

18. Defendant denies the allegations contained in paragraph 18 of the Plaintiff's Complaint and refers all questions of law to the Court.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Plaintiff's Complaint and refers all questions of law to the Court.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Plaintiff's Complaint except as to those allegations admitted above.

21. Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Plaintiff's Complaint and refers all questions of law to the Court.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Plaintiff's Complaint except as to those allegations admitted above.

24. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Plaintiff's Complaint and refers all questions of law to the Court.

25. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Plaintiff's Complaint and refers all questions of law to the Court.

26. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the Plaintiff's Complaint except as to those allegations admitted above.

27. Defendant refers all questions of law to the Court.

As and For a First Affirmative Defense

28. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

As and For a Second Affirmative Defense

29. The allegations contained in the Complaint are barred by the applicable Statute of Limitations.

As and For a Third Affirmative Defense

30. Defendant claims the benefit of each and every provision of the CPLR Section 4545, including but not limited to, any credit or off-set by reason of any replacement or indemnification of costs or expenses from any collateral source.

<u>As and For a Fourth Affirmative Defense</u>

31. Defendant claims the application of Article 16 of the CPLR and asserts limited liability thereunder for any non-economic loss.

<u>As and For a Cross-Claim Against Defendants Yonkers
Public Schools, Bernard P. Peirorazio, Super. Of Yonkers Public Schools,
and Steve Mazzola, Principal of Saunders Trades and Tech. High School</u>

32. That if, and in the event, Plaintiff sustained injuries and damages as alleged in the Complaint, the Cross claiming Defendant is entitled to indemnification by Co-Defendants Yonkers Public Schools, Bernard P. Peirorazio and Steve Mazzola, their agents, servants or employees, pursuant to the New York Education Law, including but not limited to capital section 3811 and the Public Officers Law, including but not limited to Section 18. That if Plaintiff recovers any sum or judgment against cross-claiming defendant, then cross-claiming defendant will be damaged thereby; and therefore, cross-claiming defendant is entitled to indemnification, pursuant to the New York Education Law, including but not limited to capital section 3811 and the Public Officers Law, including but not limited to Section 18 from co-defendants Yonkers Public Schools, Bernard P. Peirorazio and Steve Mazzola, their agents, servants or employees for the full amount of any such sum or judgment, including attorneys fees and costs.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's complaint along with costs and disbursements and further demands that in the event that the cross-claiming defendant is found liable to Plaintiff herein, said cross-claiming defendant, on the basis of apportionment of responsibility and indemnification,

have judgment over and against aforementioned co-defendants Yonkers Public

Schools, Bernard P. Peirorazio and Steve Mazzola, their agents, servants or

employees for all or part of the verdict or judgment that Plaintiff may recover

against said cross-claiming defendant together with the costs and disbursements of

this action, and for any expenses incurred in the defense thereof, including

attorney's fees, such other and further relief that the Court deems just and proper.

Dated:  Mamaroneck, New York
       April 9, 2007

                                THE DORF LAW FIRM, LLP
                                OF COUNSEL TO PARISI & PATTI, LLP

By: _____
                                Jon A. Dorf, Esq. (2153)
                                Guy Parisi, Esq. (0799)
                                The Dorf Law Firm, LLP
                                Attorneys for Defendant
                                GREG A. WESTHOFF
                                740 West Boston Post Road
                                Suite 304
                                Mamaroneck, NY 10543
                                (914)381-7600

To:     Lawrence Thomas, Esq.
        Attorneys for Defendants
        1 Larkin Center
        Yonkers, NY 10701
        (914)376-8082

        Norman M. Block, P.C.
        Attorney for Plaintiff
        245 Saw Mill River Road
        Hawthorne, NY 10532
        (914)769-3100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GREGORY WESTHOFF,

                               Plaintiff,           No. 08 Civ 4336

          -against-                      **VERIFIED
                                             COMPLAINT**

STEFANI MIOTTO and KELLY GREEHAN,

                              Defendants.
--------------------------------------------------------------------X

The Plaintiff, Gregory Westhoff, by his attorneys, Parisi and Patti LLP , alleges as his

complaint against the Defendants the following:

## PARTIES

1. The Plaintiff, Gregory Westhoff, is an individual residing in  the City of Stamford in

the State of Connecticut.

2. Upon information and belief, the Defendants, Stefani Miotto and Kelly Greehan, at

all times relevant herein were and are domiciled in the County of Westchester in the State of

New York.

## FACTS PERTAINING TO THE PLAINTIFF

3. Plaintiff Westhoff was employed as a teacher at the Saunders Trades and Technical

   High School (Saunders) in the City of Yonkers, State of New York for the 2005-

   2006 school year.  Plaintiff Westhoff's duties included that he act as band teacher

   and director.

4. At no time were Defendants  registered for any class taught by Plaintiff Westhoff at

   Saunders.

5. At no time were Defendants required to be in Plaintiff Westhoff's classroom.

6. Upon information and belief, in or about May of 2006, Defendants reported to

1

Exhibit B

Saunders Assistant Principal Mr. Solimene, their allegations that Plaintiff Westhoff

had behaved in a manner which Defendants claimed was unacceptable to them.



7.  In or about June of 2006, Defendants filed statements with the Yonkers Police

Department regarding their allegations as to Plaintiff Westhoff.

8.  Directly as a result of the allegations reported by Defendants, multiple

misdemeanor informations were filed against Plaintiff Westhoff.  Ultimately, on

or about May 18, 2007, a superseding misdemeanor information was filed against

Plaintiff Westhoff by a member of the Yonkers Police Department, alleging one

count of endangering the welfare of a child, two counts of stalking in the fourth

degree, two counts of sexual abuse in the third degree, and two counts of

harassment in the second degree.

9.  Directly as a result of the allegations reported by the Defendants, Plaintiff

Westhoff was forced to hire an attorney to defend himself from the allegations of

Defendants in the criminal action.  Said defense included but was not limited to

multiple court appearances and a trial by jury.

10. Directly as a result of the allegations of the Defendants, Plaintiff Westhoff was

precluded from obtaining references and recommendations or any employment as

a teacher, instructor or aide in any capacity.

11. Directly as a result of the allegations reported by Defendants, newspaper articles

and television reports of said allegations were presented to the public, causing

Plaintiff Westhoff and his family extreme emotional distress, humiliation, and

embarrassment.

12. Directly as a result of the allegations reported by the Defendants, Plaintiff

Westhoff was forced to undergo stressful and prolonged legal proceedings, culminating in a jury trial in March of 2008.

13. Directly as a result of the allegations reported by the Defendants, Plaintiff Westhoff suffered health problems and physical illness which required medical treatment and medication.

14. The jury in said trial heard testimony from Defendants herein and Plaintiff herein, as well as from another student and teacher from Saunders.

15. On March 6, 2008, the jury in said trial found Plaintiff Westhoff not guilty on all counts.

## FACTS PERTAINING TO THE DEFENDANTS

16. Defendants attended Saunders for the 2005-2006 school year.

17. Defendants were in the senior class at Saunders for the 2005-2006 school year.

18. Defendants at no time were registered for any class taught by Plaintiff Westhoff during the 2005-2006 school year.

19. During the 2005-2006 school year, Defendants would voluntarily enter the music room during their free periods and hang out.

20. Defendants had a friend Steven who was a student in Plaintiff Westhoff's band class at Saunders during the 2005-2006 school year.

21. Defendants would regularly and voluntarily visit Steven in Plaintiff Westhoff's classroom.

22. Defendants would regularly and voluntarily engage in conversations with Plaintiff Westhoff after they voluntarily entered his classroom, or while he was monitoring hallways as required by his supervisor.

3

## AS AND FOR A FIRST CAUSE OF ACTION
## FALSE ARREST

23. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff Westhoff was falsely arrested by members of the City of Yonkers Police Department in or about September of 2006 for the crimes of endangering the welfare of a child and sexual abuse in the third degree, as a direct result of the actions of Defendants.

25. As a result of this false arrest, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION
## FALSE IMPRISONMENT

26. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

27. As a result of Defendants intentional and unlawful actions, Plaintiff Westhoff was directed to report to the City of Yonkers Police Department, under threat of arrest if he did not comply.  Plaintiff Westhoff reported as directed, was arrested, handcuffed, finger-printed, and photographed.

28. Plaintiff Westhoff was conscious of said imprisonment.

29. Plaintiff Westhoff did not consent to said imprisonment.

30. The confinement was not otherwise privileged.

31. As a result of this false imprisonment, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION

32. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25 and paragraphs 27 through 31 as if fully set forth herein.

33. Defendants initiated and procured criminal proceedings against Plaintiff Westhoff without probable cause and for a purpose other than bringing Plaintiff Westhoff to justice.

34. At the time prosecution was initiated, Defendants had had ample time and opportunity to withdraw their allegations and thus fully establish the lack of probable cause for said prosecution, but failed to do so.

35. The judicial proceedings were brought without probable cause.

36. Defendants thereby initiated prosecution without any reasonable or substantiated ground for belief that Plaintiff Westhoff was guilty of the counts alleged.

37. Defendants brought said prosecution in reckless disregard of the rights of Plaintiff Westhoff.

38. The facts and circumstances surrounding the prosecution of Plaintiff Westhoff demonstrate malice on the part of Defendants.

39. The judicial proceeding terminated in the Plaintiff Westhoff's favor with an acquittal of Plaintiff Westhoff at the conclusion of the jury trial on March 6, 2008.

40. Defendants' action deprived Plaintiff Westhoff of his rights.

41. As a result of this malicious prosecution, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25, paragraphs 27 through 31, and paragraphs 33 through 41, as if fully set forth herein.

43. Defendants acted with gross, wanton, willful and reckless disregard of Plaintiff Westhoff's rights and well being.

44. Defendants' conduct was outrageous and without excuse or justification.

45. Severe emotional distress to Plaintiff Westhoff by reason of Defendants' actions was reasonably foreseeable.

46. By reason of Defendants' actions, Plaintiff Westhoff has suffered extreme emotional and mental distress.

47. As a result of this intentional infliction of emotional distress, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR FIFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25, paragraphs 27 through 31, paragraphs 33 through 41, and paragraphs 43 through 47, as if fully set forth herein.

49. Defendants acted with negligent disregard of Plaintiff Westhoff's rights and well being.

50. Defendants' conduct was negligent and without excuse or justification.

51. Severe emotional distress to Plaintiff Westhoff by reason of the actions of Defendants was reasonably foreseeable.

52. As a result of this negligent infliction of emotional distress, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION
### PRIMA FACIE TORT

53. Plaintiff Westhoff repeats and realleges each and every allegation contained in paragraphs 1 through 25, paragraphs 27 through 31, paragraphs 33 through 41, paragraphs 43 through 47, and paragraphs 49 through 52, as if fully set forth herein.

54. Defendants inflicted intentional harm, resulting in damage, without excuse or justification, by their acts and series of acts which would otherwise be lawful.

55. Defendants were motivated by disinterested malevolence in raising and pursuing their allegations against Plaintiff Westhoff.

56. As a result of the actions of the Defendants, Plaintiff Westhoff suffered special damages. Plaintiff Westhoff was forced by the actions of Defendants to endure public and private ridicule and humiliation as a result of the publication and broadcast of Defendants' allegations, to suffer the economic burdens of defending the criminal action while his earning capacity was simultaneously diminished, and to suffer physically and emotionally.

57. As a result of this prima facie tort, Plaintiff Westhoff has been damaged by Defendants in the sum of One Million Dollars ($1,000,000.00).

**WHEREFORE,** Plaintiff demands compensatory and punitive damages against each Defendant on each cause of action, together with such other and further relief as this Court deems to be just, equitable, and proper.

Dated: May 13, 2008
White Plains, NY

*Cheryl K. Beece*

Cheryl K. Beece, Esq.
**PARISI & PATTI, LLP**
200 Mamaroneck Ave. Suite 602
White Plains, NY 10601
(914) 287-0201
Fax: (914) 287-7384

To:

Norman M. Block, Esq.
NORMAN M. BLOCK, P.C.
Attorneys for Defendant Miotto
245 Saw Mill River Road
Hawthorne, NY 10532
(914) 769-3100

Donald S. Campbell, Esq.
Danzig Fishman & Decea
Attorneys for Defendant Kelly Greehan
One North Broadway, Suite 1202
White Plains, NY 10601

Courtesy copy to:

Vincent P. D'Andrea, Esq.
Donohue, Thomas, Auslander and Drohan
Attorneys for Defendants Board of Education
    of the City of Yonkers and City of Yonkers
    in Index No.: 14003/07
700 White Plains Road
Scarsdale, NY 10583
Tel.:    (914) 725-7893

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GREGORY WESTHOFF,

                                 Plaintiff,

                -against-

STEFANI MIOTTO and KELLY GREEHAN,

                                Defendants.
-------------------------------------------------------------------X

No. 08 Civ 4336

**VERIFICATION**

STATE OF NEW YORK     )
                             ) ss.
COUNTY OF WESTCHESTER )

      Cheryl K. Beece, being duly sworn deposes and says:

      I am the attorney for the Plaintiff in the above entitled action.  I have read the foregoing

complaint and it is true of my own knowledge except as to those matters which therein are stated

to be alleged on information and belief, and as to those matters I believe them to be true.  The

grounds of my belief as to all matters not stated on my knowledge are writings furnished by the

Plaintiff, an interview with the Plaintiff, and my review of the file maintained in the law offices

of Parisi & Patti, LLP.  The reason the verification is not made by the Plaintiff is that the

Plaintiff lives in a different state from that in which the law offices of Parisi & Patti, LLP are

located.

                                           Cheryl K. Beece, Esq.

Sworn to before me this 13th day
of May, 2008.

Notary Public

CLEMENT S. PATTI, JR.
Notary Public, State of New York
No. 02PA6086474
Qualified in Westchester County
Commission Expires January 21, 2007
3/30/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
GREGORY WESTHOFF,                              No. 08 Civ 4336  (WCC)

                    Plaintiff,

      - against -
                                              **ANSWER, AFFIRMATIVE**
STEFANI MIOTTO and KELLY GREEHAN,             **DEFENSES, COUNTERCLAIM**
                                              **AND JURY DEMAND**
                    Defendants.
-----------------------------------x

      Defendant Stefani Miotto, by her attorney, Norman M. Block,

Esq., answers the complaint of the plaintiff for herself, and not

for defendant Kelly Greehan follows:

      1.    Plaintiff denies knowledge and information sufficient

to form a belief as to the truth of the allegations in paragraph

1 of the complaint.

      2.    Plaintiff admits that she is a resident of the State of

New York, County of Westchester.

      3.    Plaintiff denies knowledge and information sufficient

to form a belief as to the truth of the allegations in paragraph

3 of the complaint.

      4.    Plaintiff admits the allegations contained in paragraph

4 of the complaint.

      5.    Plaintiff denies the allegations in paragraph 5 of the

complaint.

      6.    Plaintiff admits the allegations contained in paragraph

6 of the complaint.

7.   Plaintiff admits the allegations contained in paragraph 7 of the complaint.

8.   Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9.   Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint

13.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint

14.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, except she admits that she testified.

15. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint

16. Plaintiff admits the allegations contained in paragraph 16 of the complaint.

17. Plaintiff admits the allegations contained in paragraph 17 of the complaint.

18. Plaintiff admits the allegations contained in paragraph 18 of the complaint.

19. Plaintiff denies the allegations contained in paragraph 19 of the complaint.

20. Plaintiff admits the allegations contained in paragraph 20 of the complaint.

21. Plaintiff denies the allegations contained in paragraph 21 of the complaint but admits she had visited Steven.

22. Plaintiff denies the allegations contained in paragraph 18 of the complaint but admits that she would make requests for a hall pass.

### First Cause of Action

### False Arrest

23. This paragraph does not require a response.

24. Plaintiff denies the allegations contained in paragraph 24 of the complaint.

25. Plaintiff denies the allegations contained in paragraph 25 of the complaint.

## Second Cause of Action

### False Imprisonment

26. This paragraph does not require a response.

27. Plaintiff denies the allegations contained in paragraph 27 of the complaint.

28. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30. Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint.

31. Plaintiff denies the allegations contained in paragraph 31 of the complaint.

## Third Cause of Action

### Malicious Prosecution

32. This paragraph does not require a response.

33. Plaintiff denies the allegations contained in paragraph 33 of the complaint.

34.   Plaintiff denies the allegations contained in paragraph 34 of the complaint.

35.   Plaintiff denies the allegations contained in paragraph 35 of the complaint.

36.   Plaintiff denies the allegations contained in paragraph 36 of the complaint.

37.   Plaintiff denies the allegations contained in paragraph 37 of the complaint.

38.   Plaintiff denies the allegations contained in paragraph 38 of the complaint.

39.   Plaintiff denies the allegations contained in paragraph 39 of the complaint.

40.   Plaintiff denies the allegations contained in paragraph 40 of the complaint.

41.   Plaintiff denies the allegations contained in paragraph 41 of the complaint.

### Fourth Cause of Action

### Intentional Infliction of Emotional Distress

42.   This paragraph does not require a response.

43.   Plaintiff denies the allegations contained in paragraph 43 of the complaint.

44.   Plaintiff denies the allegations contained in paragraph 44 of the complaint.

45.   Plaintiff denies the allegations contained in paragraph 45 of the complaint.

46.   Plaintiff denies the allegations contained in paragraph 46 of the complaint.

47.   Plaintiff denies the allegations contained in paragraph 47 of the complaint.

## Fifth Cause of Action

### Negligent Infliction of Emotional Distress

48.   This paragraph does not require a response.

49.   Plaintiff denies the allegations contained in paragraph 49 of the complaint.

50.   Plaintiff denies the allegations contained in paragraph 50 of the complaint.

51.   Plaintiff denies the allegations contained in paragraph 51 of the complaint.

52.   Plaintiff denies the allegations contained in paragraph 46 of the complaint.

## Sixth Cause of Action

### Prima Facie Tort

53.   This paragraph does not require a response.

54.   Plaintiff denies the allegations contained in paragraph 54 of the complaint.

55.   Plaintiff denies the allegations contained in paragraph 55 of the complaint.

57.  Plaintiff denies the allegations contained in paragraph 45 of the complaint.

## Affirmative Defenses

58.  The first, second, fourth and sixth causes of action are barred by the applicable Statute of Limitations.

59.  All causes of action in the complaint fail to state a claim upon which relief may be granted.

## Counterclaim

60.  Defendant Stefani Miotto filed a lawsuit against the plaintiff in the United States District Court for the Southern District of New York, Case No. 07 Civ. 1033 (WCC).

61.  Plaintiff filed the instant action knowing that it had no basis in law or fact, and that many of the claims are barred by the statute of limitations.

62.  Plaintiff filed the instant action with the intent to frighten defendant Miotto so she would voluntarily discontinue her action against the plaintiff.

63.  As a result of the plaintiff's conduct, defendant Stefani Miotto has suffered emotional distress and has been caused to expend attorneys fees for the purpose of defending this baseless action.

64.  Plaintiff is liable to defendant Miotto for compensatory damages in an amount to be determined at trial.

65.   Plaintiff is liable for punitive damages as a result of his intentional abuse of process, in an amount to be determined at trial.

### **Request for Rule 11 Sanctions**

66.   Because this action was brought for improper purposes and lacks any basis in law or fact, defendant Miotto seeks sanctions against the plaintiff pursuant to Rule 11 of the F.R.C.P.

### **Jury Trial Demand**

67.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant Miotto demands a trial by jury of all issues in this case.

Dated: Hawthorne, NY
       June 5, 2008                    __/s Norman M. Block_____
                                       Norman M. Block (NB8119)
                                       NORMAN M. BLOCK, P.C.
                                       Attorneys for Defendant Miotto
                                       245 Saw Mill River Road
                                       Hawthorne, NY  10532
                                       (914) 769-3100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
GREGORY WESTHOFF,                              No. 08 Civ 4336  (WCC)

                    Plaintiff,

      - against -                    **AMENDED
                                     ANSWER, AFFIRMATIVE**
STEFANI MIOTTO and KELLY GREEHAN,    **DEFENSES, COUNTERCLAIM
                                     AND JURY DEMAND**

                    Defendants.
-----------------------------------x

Defendant Stefani Miotto, by her attorney, Norman M. Block, Esq., answers the complaint of the plaintiff for herself, and not for defendant Kelly Greehan follows:

1.    Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint.

2.    Plaintiff admits that she is a resident of the State of New York, County of Westchester.

3.    Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint.

4.    Plaintiff admits the allegations contained in paragraph 4 of the complaint.

5.    Plaintiff denies the allegations in paragraph 5 of the complaint.

6.    Plaintiff admits the allegations contained in paragraph 6 of the complaint.

7.   Plaintiff admits the allegations contained in paragraph 7 of the complaint.

8.   Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9.   Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint.

10.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint.

12.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint

13.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint

14.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint, except she admits that she testified.

15.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the complaint

16.  Plaintiff admits the allegations contained in paragraph 16 of the complaint.

17.  Plaintiff admits the allegations contained in paragraph 17 of the complaint.

18.  Plaintiff admits the allegations contained in paragraph 18 of the complaint.

19.  Plaintiff denies the allegations contained in paragraph 19 of the complaint.

20.  Plaintiff admits the allegations contained in paragraph 20 of the complaint.

21.  Plaintiff denies the allegations contained in paragraph 21 of the complaint but admits she had visited Steven.

22.  Plaintiff denies the allegations contained in paragraph 22 of the complaint but admits that she would make requests for a hall pass.

## **First Cause of Action**

### **False Arrest**

23.  This paragraph does not require a response.

24.  Plaintiff denies the allegations contained in paragraph 24 of the complaint.

25.  Plaintiff denies the allegations contained in paragraph 25 of the complaint.

## Second Cause of Action

### False Imprisonment

26.  This paragraph does not require a response.

27.  Plaintiff denies the allegations contained in paragraph 27 of the complaint.

28.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30.  Plaintiff denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint.

31.  Plaintiff denies the allegations contained in paragraph 31 of the complaint.

## Third Cause of Action

### Malicious Prosecution

32.  This paragraph does not require a response.

33.  Plaintiff denies the allegations contained in paragraph 33 of the complaint.

34.   Plaintiff denies the allegations contained in paragraph 34 of the complaint.

35.   Plaintiff denies the allegations contained in paragraph 35 of the complaint.

36.   Plaintiff denies the allegations contained in paragraph 36 of the complaint.

37.   Plaintiff denies the allegations contained in paragraph 37 of the complaint.

38.   Plaintiff denies the allegations contained in paragraph 38 of the complaint.

39.   Plaintiff denies the allegations contained in paragraph 39 of the complaint.

40.   Plaintiff denies the allegations contained in paragraph 40 of the complaint.

41.   Plaintiff denies the allegations contained in paragraph 41 of the complaint.

## Fourth Cause of Action

### Intentional Infliction of Emotional Distress

42.   This paragraph does not require a response.

43.   Plaintiff denies the allegations contained in paragraph 43 of the complaint.

44.   Plaintiff denies the allegations contained in paragraph 44 of the complaint.

45.  Plaintiff denies the allegations contained in paragraph 45 of the complaint.

46.  Plaintiff denies the allegations contained in paragraph 46 of the complaint.

47.  Plaintiff denies the allegations contained in paragraph 47 of the complaint.

## Fifth Cause of Action

### Negligent Infliction of Emotional Distress

48.  This paragraph does not require a response.

49.  Plaintiff denies the allegations contained in paragraph 49 of the complaint.

50.  Plaintiff denies the allegations contained in paragraph 50 of the complaint.

51.  Plaintiff denies the allegations contained in paragraph 51 of the complaint.

52.  Plaintiff denies the allegations contained in paragraph 46 of the complaint.

## Sixth Cause of Action

### Prima Facie Tort

53.  This paragraph does not require a response.

54.  Plaintiff denies the allegations contained in paragraph 54 of the complaint.

55.  Plaintiff denies the allegations contained in paragraph 55 of the complaint.

57.  Plaintiff denies the allegations contained in paragraph 45 of the complaint.

## Affirmative Defenses

58.  The first, second, fourth and sixth causes of action are barred by the applicable Statute of Limitations.

59.  All causes of action in the complaint fail to state a claim upon which relief may be granted.

60.  All the alleged claims should have been brought as compulsory counterclaims pursuant to Rule 13(a) of the F.R.C.P. and are therefore barred.

## Counterclaim

61.  Defendant Stefani Miotto filed a lawsuit against the plaintiff in the United States District Court for the Southern District of New York, Case No. 07 Civ. 1033 (WCC).

62.  Plaintiff filed the instant action knowing that it had no basis in law or fact, and that many of the claims are barred by the statute of limitations.

63.  Plaintiff filed the instant action with the intent to frighten defendant Miotto so she would voluntarily discontinue her action against the plaintiff.

64.  As a result of the plaintiff's conduct, defendant Stefani Miotto has suffered emotional distress and has been caused to expend attorneys fees for the purpose of defending this baseless action.

65.  Plaintiff is liable to defendant Miotto for compensatory damages in an amount to be determined at trial.

66.  Plaintiff is liable for punitive damages as a result of his intentional abuse of process, in an amount to be determined at trial.

### Request for Rule 11 Sanctions

67.  Because this action was brought for improper purposes and lacks any basis in law or fact, defendant Miotto seeks sanctions against the plaintiff pursuant to Rule 11 of the F.R.C.P.

### Jury Trial Demand

68.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant Miotto demands a trial by jury of all issues in this case.

Dated: Hawthorne, NY
     June 6, 2008

     __/s Norman M. Block_____
     Norman M. Block (NB8119)
     NORMAN M. BLOCK, P.C.
     Attorneys for Defendant Miotto
     245 Saw Mill River Road
     Hawthorne, NY  10532
     (914) 769-3100