UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
GREGORY WESTHOFF,                            No. 08 Civ 4336  (WCC)

                    Plaintiff,

        - against -

STEFANI MIOTTO and KELLY GREEHAN,

                    Defendants.
-----------------------------------x

**MEMORANDUM OF LAW IN RESPONSE
TO MOTION OF DEFENDANT GREEHAN
TO REMAND THIS MATTER TO THE STATE COURT
AND IN SUPPORT OF DEFENDANT MIOTTO'S
CROSS-MOTION TO SEVER GREEHAN FROM THIS ACTION**

                              Norman M. Block (NB8119)
                              NORMAN M. BLOCK, P.C.
                              Attorneys for Miotto
                              245 Saw Mill River Road
                              Hawthorne, NY  10532
                              (914) 769-3100

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL SUMMARY . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Point 1
        Greehan is Not a Required Party
        in this Action and the Case Against Her
        Should be Severed and her Case Remanded . . . . . . . 4

    Point 2
        Once the Claims Against Greehan Are
        Severed, Her Consent to Removal of the
        the Action against Miotto is Not Needed  . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## PRELIMINARY STATEMENT

Defendant Stefani Miotto submits this memorandum of law both in response to the motion of defendant Kelly Greehan to remand this action to the State Court and in support of Miotto's cross-motion to sever Westhoff's case against Greehan so that it can be remanded to the State Court.

Miotto initially brought her action against Westhoff in this Court under <u>Miotto v. Westhoff et al.</u>, Case No. 07 Civ. 1033 (WCC) (the "earlier action"). Greehan brought an action for similar relief in the Supreme Court of the State of New York, County of Westchester, Index No. 14033/07. Westhoff then brought counterclaims against them in a separate State court action. That action was removed to this Court.

Any counterclaims Westhoff may have against Greenhan should be brought in the State court. Having the counterclaims be heard in this Court is a waste of judicial resources and will cause unnecessary burden and confusion.

However, Miotto chose this Court for her action against Westhoff, and that action should remain in this Court for resolution, including any of Westhoff's counterclaims which may survive the cross-motion to dismiss which is being filed at the same time as this cross-motion. (The ground for the cross-motion to dismiss that case is that Westhoff's claims against Miotto are compulsory counterclaims which should have been

1

brought in this Court.  New York does not have a compulsory counterclaim rule and any dismissal of the matter against Greehan will have to be on the merits.)

### FACTUAL SUMMARY

The instant action is, as the Court stated during our conference on June 4, 2008, Mr. Westhoff's attempt to fight back against the defendants, Stefani Miotto and Kelly Greehan, because they separately brought claims against him for sexual harassment, *inter alia*, while he was employed as a band teacher in the Yonkers Public Schools.  Miotto brought her action in this Court. Greehan brought her action in the Supreme Court of the State of New York, County of Westchester.

The allegations in the earlier action are that during a period of time ending in June 2006, Westhoff made various sexual comments and advances to Miotto and inappropriately touched her, violated her civil rights, violated her rights under Title IX of the Education Act, and committed various torts under state statutory and common law.  As a result of this conduct, Miotto reported this action to her school principal and Mr. Westhoff retired from his job.  Greehan's allegations in her action are similar.

Prior to Miotto bringing suit against Westhoff, the Westchester County District Attorney decided to prosecute

2

Westhoff, and asked Miotto to give a statement regarding Westhoff's actions.  A trial was recently held and Westhoff was acquitted of the charges brought.

The instant action was filed in State court without a complaint, as allowed pursuant to the New York C.P.L.R. Realizing that this action was for matters which will already by heard in this Court in the earlier action,Case No. 07 Civ. 1033 (WCC), and hoping to avoid duplicative litigation and a waste of judicial resources, Miotto removed this action was removed to this Court and joinder with the earlier action requested.[1]

The gravamen of the instant action is that because each of the defendants cooperated with the district attorney and gave statements, they are each liable to Westhoff for false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress and prima facie tort.  They are not alleged to be jointly liable for a single act, but are both alleged to be individually liable for their individual actions.  Miotto contends that none of these claims state a claim and four of the six are barred by the relevant statutes of limitations.  Miotto has filed an answer and

---

[1]    Moreover the Court will note that the firm of Parisi & Patti, LLP, represents Westhoff in both actions in this Court. In the earlier action, the answer was signed by "The Dorf Firm, LLP of counsel to Parisi & Patti, LLP."   In the instant action, Parisi & Patti appears without the assistance of The Dorf Firm. It is believed that Parisi & Patti also appeared for Westhoff in the Greehan lawsuit.

3

an amended answer in this action, the amended answer adding the affirmative defense that these claims are barred by Rule 13(a) of the F.R.C.P. as compulsory counterclaims which should have been brought in Westhoff's answer to the earlier action.  In a pre-motion conference on June 4, 2008, prior to Miotto filing her answers, a scheduling order was set for the dismissal motions.  In a later telephone call from the Court, we were advised that an earlier date was being given for requested remand motions.  This motion ensued.  This cross-motion to sever is in response to this motion.

Further, once the two cases are severed, there is no need for Greehan to consent to removal to this Court.  Therefore, her objections to removal will become moot.

**ARGUMENT**

**Point 1**

**Greehan is Not a Required Party**
**in this Action and the Case Against Her**
**Should be Severed and her Case Remanded**

Pursuant to Rule 19 of the F.R.C.P., a party is a required party if, in that party's absence, the Court cannot provide complete relief between the other parties.  Pursuant to Rule 21, the Court may, on motion, drop a party from a lawsuit.  Greehan should be severed from this lawsuit and she should be allowed to pursue her remedies in her chosen forum, the Supreme Court of the

4

State of New York.

In this action, Greehan is not a required party.  Westhoff's claims against each of the defendants is based on the statement each defendant gave to the Westchester County District Attorney. Their actions were not joint actions and he can obtain complete relief against either without their being joined in one suit. There is no reason that Greehan need remain a party here.

Severance will aid all the parties.  The respective lawsuits can go forward in their respective courts.   Discovery will be reduced, the parties will not be subjected to duplicate depositions and discovery exchanges, and the results will not be inconsistent as would happen if the main claim proceeds in one court and the counterclaim proceeds in another court.  Greehan is free to have the cases consolidated in the State court and seek her relief independent of Miotto's claims.


**Point 2**

**Once the Claims Against Greehan Are
Severed, Her Consent to Removal of the
the Action against Miotto is Not Needed**

The "Rule of Unanimity", cited by Greehan, is not absolute; there are exceptions.  As noted in <u>Maybruck v. Haim</u>, 291 F.Supp. 721, 722-23 (S.D.N.Y. 1968):

> The general rule that all defendants upon whom service has been made must join in a petition for removal is well settled. <u>Moosbrugger v. McGraw-Edison Co.</u>, 215 F.Supp. 486 (D.Minn.1963). Exceptions to this rule in the case of

5

> separable controversies, <u>Board of Directors of Crawford County Levee District v. Whiteside</u>, 87 F.Supp. 69 (D.Ark.1949), or where one of the defendants is merely a nominal party, <u>Bradley v. Maryland Casualty Co.</u>, 382 F.2d 415 (8th Cir. 1967).

As noted above, this is a case where the controversies are indeed separable.  Westhoff is not claiming that the defendants acted jointly in any way.  His proof on his claims depends upon the statements actually made by each of the defendants and their individual states of mind.

In line with <u>Maybruch</u>, the Court should remand the case against Greehan to the State court and retain the claims against Miotto.  While the Court may, if it chooses, determine all the issues for both parties, Miotto urges that only her case remain in this Court and Greehan's case be allowed to proceed in her chosen forum.  There is no need for Greehan to consent to Miotto's case remaining with this Court.

## CONCLUSION

For the reasons set forth herein, defendant Miotto requests that the Court sever the case against Greehan from the case against her, remand the case against Greehan to the State court, and retain the case against Miotto in this Court and, as requested in the accompanying cross-motion, dismiss this matter since all claims were forfeited as a result of the plaintiff's failure to bring these claims as compulsory counterclaims in an

action already pending in this Court, and that the Court grant to
defendant Miotto such other and further relief as to the Court
may seem equitable, just and proper.

Dated: Hawthorne, NY
      June 10, 2008

                       BY___/s Norman M. Block_____
                         Norman M. Block (NB8119)
                       NORMAN M. BLOCK, P.C.
                       Attorneys for Defendant Miotto
                       245 Saw Mill River Road
                       Hawthorne, NY  10532
                       (914) 769-3100