UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GREGORY WESTHOFF,

                Plaintiff,

STEFANI MIOTTO and KELLY GREEHAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 08 Civ 4336 (WCC)

**AFFIRMATION IN OPPOSITION TO CROSS MOTIONS FOR A DISMISSAL ORDER PURSUANT TO RULE 13(A), ENJOINING FURTHER CLAIMS AND AN ORDER PURUANT TO RULE 21**

       Clement S. Patti, Jr. an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury.

       1.     This Affirmation is submitted in opposition to defendant Stefani Miotto's Cross-Motions seeking an Order a) dismissing the Complaint against Miotto pursuant to Rule 13(a) of the FRCP; (b) enjoining Westhoff for bringing or continuing any claim in any other Court; and (c) an Order pursuant to Rule 21 severing the claim of Westhoff against defendant Greehan. This Affirmation is based upon direct knowledge and information and belief, the sources of which are the files of the matter maintained by my office. The relief sought by defendant Miotto should be denied as it lacks basis in law and fact.

       2.     Defendant Miotto's motion completely disregards the provisions of 28 USC §1441(b) which essentially provides the plaintiff with choice of forum in conformity with the U.S. Constitution and recognition of the sovereignty of the states. Severing defendant Greehan from the <u>Westhoff v. Miotto and Greehan</u> matter does not negate the provisions of the aforementioned statute.

3. Defendant Miotto's Memorandum of Law characterizes Westhoff's causes of action as mandatory "counterclaims." This is a mischaracterization and nothing more than the Defendant's attempt to label the claim as a counterclaim so as to invoke FRCP Rule 13. The claims alleged in the Complaint originally filed in State Supreme Court do not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." The <u>Miotto v. Westhoff  et al</u>. case alleges various acts by Westhoff against Miotto culminating in a complaint to the Yonkers Public Schools in May, 2006. The <u>Westhoff v. Miotto and Greehan</u> case originally a case filed in the State Supreme Court involves claims which arose predominantly out of the false prosecution perpetuated by Miotto.

To be sure, as set forth in Rule 13(a), a pleading shall state as a counterclaim a claim "<u>which at the time of the serving of the pleading </u>the pleader has against any opposing party." (Emphasis added). Indeed, the <u>Miotto v. Westhoff, et al</u>. case was filed on or about February 14, 2007, while the acquittal of Westhoff, giving rise to the <u>Westhoff v. Miotto and Greehan</u> case did not occur until March 6, 2008.

WHEREFORE, it is respectfully requested that the Court dismiss the Cross-Motions and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       June 12, 2008

/s/ _____
Clement S. Patti, Jr. (CP5783)
Parisi & Patti, LLP
200 Mamaroneck Ave Suite 602
White Plains, N.Y. 10601
(914) 287-0201

TO:   Norman M. Block
      Norman M. Block, P.C.
      245 Saw Mill River Road
      Hawthorne, NY 10532

      Donald S. Campbell, Esq.
      Danzig Fishman & Decea
      One North Broadway
      Suite 1202
      White Plains, New York 10601