```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
GREGORY WESTHOFF,                                   No. 08 Civ 4336  (WCC)

                    Plaintiff,
     - against -

STEFANI MIOTTO and KELLY GREEHAN,

                    Defendants.
-----------------------------------x
```

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
CROSS-MOTION TO DISMISS THIS ACTION AND/OR
ENJOIN PLAINTIFF WESTHOFF FROM BRINGING THESE
COMPULSORY COUNTERCLAIMS IN ANY COURT**

```
                                    Norman M. Block (NB8119)
                                    NORMAN M. BLOCK, P.C.
                                    Attorneys for Miotto
                                    245 Saw Mill River Road
                                    Hawthorne, NY  10532
                                    (914) 769-3100
```

**PRELIMINARY STATEMENT**

Defendant Stefani Miotto submits this reply memorandum of law in response to the affirmation of Clement Patti, Esq., attorney for plaintiff Gregory A. Westhoff, opposing Miotto's cross-motion to both dismiss this action and to enjoin Westhoff from bringing these claims in any other court.

The central issue in both <u>Miotto v. Westhoff et al.</u>, Case No. 07 Civ. 1033 (WCC) (the "earlier action") and the instant case is whether Westhoff engaged in the conduct which Miotto alleged in the earlier action. If a jury finds that he did, all the claims which Westhoff brings in this action disappear. And that is the reason all these claims are compulsory counterclaims. As is shown below, Mr. Patti's arguments, some of which were anticipated in Miotto's memorandum of law in support of her motion, do not comport with the general rule in the Second Circuit regarding compulsory counterclaims as expressed in <u>Jones v. Ford Motor Co.</u>, 358 F.3d 205, 209 (2d. Cir. 2004). For the reasons set forth below, the cross-motion to dismiss and/or enjoin should be granted.

**ARGUMENT** [1]

Patti's argument in paragraph 3 of his affirmation is that

---

[1] Patti does not address Miotto's argument, based upon <u>Koufakis v. Carvel</u>, 425 F.2d 892 (2d Cir. 1970), that remand to the State court is not proper where the counterclaims relate to the federal claims alleged in the first action. That argument will not be repeated here.

Westhoff's claims are not compulsory counterclaims because they do not arise out of the same occurrence as alleged by Miotto in her earlier action. The basis of his argument is that Westhoff's complaint in this action is not based upon his conduct, but on the fact that Miotto gave a statement to the Yonkers police department about his conduct. While this is a clever attempt to avoid dismissal, it is wrong.

Westhoff's allegations in paragraphs 6 - 8 of his complaint are that in June 2006, Miotto complained to the Assistant Principal regarding Westhoff's conduct, that Miotto gave a statement to the police regarding her allegations, and that as a result of her allegations, misdemeanor charges were filed. Clearly, his complaint focuses on her allegations regarding his conduct, the same allegations which Miotto made in this Court in the earlier action. Clearly both actions require a determination of the same issue -- whether Westhoff engaged in the conduct alleged. Clearly, both actions arise out of the same transaction or occurrence and, as held in Jones, supra, they have a logical relationship which mandates that Westhoff's claims be treated as compulsory counterclaims.

In an implicit admission that five of the six claims in his complaint were available to Westhoff at the time he answered the allegations in the earlier action, Patti asserts that the claim for malicious prosecution could not have been available then

because he was not acquitted until March 6, 2008. While indeed, for statute of limitations purposes, his claim for malicious prosecution did not accrue until that date, Westhoff had full knowledge of the underlying facts and could have pled them as a counterclaim in the earlier action. The only substantive difference between false arrest and malicious prosecution is the termination of the proceeding in Westhoff's favor.

Contrasting the instant case to <u>Computer Associates International, Inc. v. Altai, Inc</u>., 93 F.2d 26 (2d Cir. 1990), shows further why Patti is wrong. As noted in Miotto's memorandum in support of the cross motion, that Court held that the later action would not be enjoined because the claims in the later action were permissive rather than compulsory counterclaims. The basis for the Court's distinction was that the allegations in the second case involved Computer Associates' <u>conduct after</u> the first action was filed. <u>Id</u>. at 29. Apparently, after the first suit was filed, Altai alleged that Computer Associates disseminated false information about it. <u>Id.</u> at 28. However, Westhoff's claims are based on both his and Miotto's <u>conduct before</u> the earlier action was filed. His later acquittal was not actionable conduct after the earlier action was filed.

Westhoff should have brought all his claims as counterclaims in the earlier action. If he failed to bring the malicious

3

prosecution claim at first, he could have then moved (and he can do so now) pursuant to Rule 13(f) of the F.R.C.P., to amend his answer in the earlier action to allow this claim.  His claim is still based on the same occurrence as Miotto's claim, is logically related to Miotto's claim, and the interests of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.  These compulsory counterclaims should be dismissed and Westhoff enjoined from bring these or similar claims in any other court.

**CONCLUSION**

For the reasons set forth herein, defendant Miotto requests that the Court deny this motion to remand and dismiss this matter since all claims were forfeited as a result of the plaintiff's failure to bring these claims as compulsory counterclaims in an action already pending in this Court, that the Court enjoin Westhoff from bringing these counterclaims in any other Court, and that the Court grant to defendant Miotto such other and further relief as to the Court may seem equitable, just and proper.

Dated: Hawthorne, NY
       June 13, 2008

BY___/s Norman M. Block____
   Norman M. Block (NB8119)
NORMAN M. BLOCK, P.C.
Attorneys for Defendant Miotto
245 Saw Mill River Road
Hawthorne, NY  10532
(914) 769-3100