UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
GREGORY WESTHOFF,                         :        08 Civ. 4336 (WCC)

                                **ECF CASE**

               Plaintiff,       :

    - against -                             :
                                 OPINION
STEFANI MIOTTO and KELLY GREEHAN,         :        <u>AND ORDER</u>

               Defendants.     :
- - - - - - - - - - - - - - - - - - - - X

**A P P E A R A N C E S :**

                                       PARISI & PATTI, LLP
                                       **Attorneys for Plaintiff**
                                       200 Mamaroneck Avenue, Suite 602
                                       White Plains, New York 10601

CHERYL K. BEECE, ESQ.

    Of Counsel


                                       NORMAN M. BLOCK, P.C.
                                       **Attorneys for Defendant**
                                          Stefani Miotto
                                       245 Saw Mill River Road
                                     Hawthorne, New York 10532

NORMAN M. BLOCK, ESQ.

    Of Counsel


                                       DANZIG, FISHMAN & DECEA
                                       **Attorneys for Defendant**
                                          Kelly Greehan
                                       One North Broadway, Suite 1202
                                     White Plains, New York 10601

DONALD S. CAMPBELL, ESQ.

    Of Counsel

                                           **Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiff, Gregory Westhoff, brought this action in New York State Supreme Court, Westchester County, against defendants, Stefani Miotto ("Miotto") and Kelly Greehan ("Greehan") alleging state law claims for malicious prosecution, negligent infliction of emotional distress, intentional infliction of emotional distress and prima facie tort. Defendant Miotto removed the action to this Court on May 8, 2008. Plaintiff and defendant Greehan move for remand to the state court. Defendant Miotto noticed a cross-motion to dismiss and to enjoin plaintiff from bringing any other action on such claims. For the following reasons the motions for remand are granted, making it unnecessary for us to decide the cross-motions.

## BACKGROUND

Plaintiff, a resident of Connecticut, was employed as a teacher at Saunders Trades and Technical High School ("Saunders") in the City of Yonkers, New York. (Complt. ¶¶ 1, 3.) Defendants, residents of New York, attended Saunders. (*Id*. ¶¶ 2, 16.) In May 2006, defendants reported to the assistant principal at Saunders that plaintiff "behaved in a manner which . . . was unacceptable to them." (*Id*. ¶ 6.) Defendants then filed similar statements with the Yonkers Police Department. (*Id*. ¶ 7.) As a result, multiple misdemeanor charges were filed against plaintiff. (Id. ¶ 8.) This allegedly prevented plaintiff from obtaining references and recommendations or any employment as a teacher, and reports of the allegations were made public through the media. (*Id*. ¶¶ 10-11.) Plaintiff underwent a jury trial on these charges in March 2008 and on March 6 the jury found him not guilty on all counts. (*Id*. ¶¶ 12, 15.)

Plaintiff filed a Summons with Notice in New York State Supreme Court, Westchester

1

County, on April 7, 2008. The Notice stated that the action was for malicious prosecution, negligent infliction of emotional distress, intentional infliction of emotional distress and prima facie tort perpetrated by defendants. Miotto removed the action to this Court on May 8, 2008 on the ground of diversity of citizenship. In the Notice of Removal, Miotto asserted that this action should be assigned to this Court and jointly tried with an action pending in this Court in which Miotto is the plaintiff and Westhoff is a defendant, since both actions involve common questions of law and fact.

On June 6, 2008, plaintiff filed a Motion for Remand pursuant to 28 U.S.C. § 1441(b) on the ground that removal was improper because defendants are residents of New York, the state in which the action was brought. On June 6, 2008, Greehan filed a Motion for Remand on the grounds that removal was improper under section 1441(b) and that the rule of unanimity bars removal without her consent. Miotto filed a Cross-Motion to Dismiss the Complaint and enjoin plaintiff from bringing these claims in any other court on the grounds that the claims are compulsory counterclaims that should have been brought in the prior federal action. She also filed a Cross-Motion to Sever the Greehan claims.

## DISCUSSION

**I.  28 U.S.C. § 1441(b)**

28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Thus, removal on the basis of diversity is not proper if any of the defendants is a citizen of the forum state. *Vasura v. Acands*, 84 F. Supp. 2d 531, 535 (S.D.N.Y. 2000). Since the only asserted basis of this Court's jurisdiction is diversity of citizenship, removal is proper only if "none of the parties in interest properly joined and served as defendants" is a citizen of New York. *See* 28 U.S.C. § 1441(b).

The removal jurisdiction of federal courts is strictly construed because federal courts are courts of limited jurisdiction and removal implicates significant federalism concerns. *Miller v. First Sec. Invs., Inc.*, 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998) (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)). The removing party bears the burden of showing that removal was proper. *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007). Any doubt must be resolved in favor of remand. *Pan Atl. Group, Inc. v. Republic Ins. Co.*, 878 F. Supp. 630, 637 (S.D.N.Y. 1995); *Video Connection of Am., Inc. v. Priority Concepts, Inc.*, 625 F. Supp. 1549, 1550 (S.D.N.Y. 1986).

Remand is clearly necessary here. Plaintiff alleges state law claims for malicious prosecution, negligent infliction of emotional distress, intentional infliction of emotional distress and prima facie tort against defendants. The only basis for federal jurisdiction is diversity of citizenship.

Defendant Miotto's only argument that removal was proper is her assertion that the claims in this action are compulsory counterclaims in an earlier action based on a claim under federal law brought in this Court by Miotto against plaintiff and others. (Def. Miotto Opp. Mot. Remand at 8.) Defendant relies on *Koufakis v. Carvel*, 425 F.2d 892 (2d Cir. 1970), to support this assertion. However, in *Koufakis*, plaintiffs brought a federal claim in federal court and defendant asserted

3

counterclaims in his answer. *Id*. at 897-98. Subsequently, defendant brought an action in New York state court against plaintiffs and other corporations based on essentially the same claims asserted in the federal counterclaims. *Id*. at 898. The state action was removed by the plaintiffs on the ground that the state complaint charged plaintiffs with violations of federal law. *Id*. The district court judge alluded to the fact that the basis for removal jurisdiction was that the state complaint raised issues under federal law, and the Second Circuit expressed no opinion on the correctness of the finding because it determined that removal was of little importance because it added nothing to the issues already before the federal court. *Id*. The Second Circuit was not deciding a motion to remand as defendant did not make one; the court took it upon itself to determine the existence of federal jurisdiction and determined that jurisdiction was proper on the basis of federal question.

In situations analogous to the one at issue here, courts have held that supplemental jurisdiction could not be used to nullify the jurisdictional requirements of 28 U.S.C. § 1441. *See McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D.N.Y. 2001) (citing cases). In *McClelland*, the plaintiff brought a state court action in which defendant asserted counterclaims. *Id*. at 202. Defendants then brought a federal action and attempted to remove the state court action, alleging that the court had supplemental jurisdiction over it because it was related to the federal action. *Id*. The court granted the plaintiff's motion for remand. *Id*. at 204. The court noted that, although defendant's approach had the benefit of efficiency and avoided the possibility of inconsistent adjudications of similar issues, the supplemental jurisdiction statute did not override the removal requirements established by section 1441. *Id*. at 203. Defendant also asks us to ignore the requirements of section 1441 because she alleges that plaintiff's state claims should have been asserted as compulsory counterclaims in the federal action. This we refuse to do for the same reason

4

other courts have refused to ignore section 1441 and exercise supplemental jurisdiction.

Plaintiff's state complaint does not assert any federal claims. The only basis for jurisdiction in federal court is diversity of citizenship. The action should not have been removed to this Court. Whether plaintiff's claims should be dismissed is therefore an issue for the state court. Defendant Miotto's proper course of action was to move to dismiss the claims in the state court on the ground that they were compulsory counterclaims to an existing federal action, not removing the action to this court on the grounds of diversity. *See, e.g., Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) ("There is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures.") (internal quotation marks and citation omitted). However, we express no view on the merits of such a motion.

**II.    Rule of Unanimity**

Under the "rule of unanimity," all the defendants must join in seeking removal from state court. *See Sherman*, 528 F. Supp. 2d at 330; *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006) ("Although there is no statutory requirement that all defendants either must join the petition for removal or consent to removal, courts have consistently interpreted 28 U.S.C. § 1446 as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'"); *Codapro Corp.*, 997 F. Supp. at 325. There are exceptions to this rule for defendants who have not been served, unknown defendants and fraudulently joined defendants; none of these exceptions apply in this case. *See Sherman*, 528 F. Supp. 2d at 330. Here it is clear that defendant Greehan's non-consent to removal also renders the removal procedurally defective. (*See* Def. Greehan Mem. Supp. Mot. Remand at

6.)

We therefore grant plaintiff's and defendant Greehan's motion to remand pursuant to 28 U.S.C. § 1441, making it unnecessary to decide defendant Miotto's motions to dismiss and enjoin plaintiff. *See Casella Waste Sys., Inc. v. G R Tech., Inc.*, 2008 WL 148996, at *1 (D.Vt. Jan. 11, 2008).[1] Additionally, because we remand the action on the grounds that removal was improper under 28 U.S.C. § 1441, we need not consider Miotto's motion to sever the claims against Greehan, making Greehan's consent unnecessary. Plaintiff's request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is denied.

## CONCLUSION

For all of the foregoing reasons, plaintiff's and defendant Kelly Greehan's motions to remand are granted and this action is hereby remanded to New York State Supreme Court, Westchester County. Defendant Stefani Miotto's motions to dismiss and to enjoin plaintiff are not considered because they are not properly before this court.

SO ORDERED.

Dated: White Plains, New York
June 18, 2008

*William C. Conner*
Sr. United States District Judge

---

[1] Although Miotto would have us decide the motions the other way around, dismissing the claims because they are compulsory counterclaims in the earlier federal action and thereby leaving nothing to remand to the state court, we must first decide if this action is properly before this Court before we can make any substantive rulings on the claims. (*See* Def. Miotto Opp. Mot. Remand at 8.)